# Cancilla et al. v. Firemen's Fund Ins. Co., Appellant.

*Insurance—Automobiles—Theft—Calling upon owner to bring replevin—Notice—Repairing, etc.—Public policy.*

1. In an action on a policy of insurance covering the theft of an automobile, the insurance company, in the absence of any provision in the policy on the subject, cannot call upon the insured to coöperate in recovering possession of the car by bringing an action of replevin; and this is the case although it offers to pay and reimburse the insured for all expenses, losses or damages that he might sustain or incur.

2. The insurance company, by settling with the owners, could be subrogated to their rights and then institute replevin.

3. If the policy provides that the insurance shall be payable within sixty days after notice of loss, the company cannot, by a demand of the insured to sue out a writ of replevin, and without any offer to return the car within sixty days, indefinitely postpone the time of payment until the termination of the replevin suit.

4. Such course would not only violate the contract but also be against public policy.

5. Where a policy of insurance on an automobile covers loss both by fire and theft, a provision of the policy relating to repairing and rebuilding, is applicable only to loss by fire, and not to loss by theft, except possibly where the car is stolen and returned in a damaged condition.

Argued March 6, 1923. Appeal, No. 83, Oct. T., 1922, by defendant, from judgment of C. P. Allegheny Co., July T., 1920, No. 828, on verdict for plaintiffs, in case of Albert Cancilla et al., trading as Cancilla & Angileri, v. Firemen's Fund Ins. Co. of San Francisco. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on policy of automobile insurance. Before COHEN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $2,200. Defendant appealed.

*Error assigned* was refusal of offer of evidence referred to in opinion of Supreme Court, quoting bill of exception.

*T. M. Gealey,* for appellant.—The general principles of insurance contracts, as well as the principles of public policy, imposed on plaintiffs the duty of actively assisting in the recovery of their stolen property: Hamilton v. Mendez, 1 Wm. Blackstone 276; O'Conner v. Ins. Co., 287 Ill. 204.

*Oliver K. Eaton,* with him *W. H. Coleman,* for appellees.—Assuming the insurance company had a special interest in the car, under our decisions its right to a writ of replevin is clear: Harlan v. Harlan, 15 Pa. 507, 513; Ferguson v. Rafferty, 128 Pa. 337; Westinghouse Air Brake Co. v. Harris, 237 Pa. 203; Krebs v. Ins. Co., 249 Pa. 330.

OPINION BY MR. JUSTICE SCHAFFER, April 16, 1923:

Plaintiffs recovered a verdict and judgment in an action on a policy of insurance, issued by defendant, covering the loss by theft of a motor truck. On this appeal, defendant alleges error in the court below in refusing to permit it to exhibit its defense to the jury. Appellant's denial of liability rests on the allegation that there was a duty and obligation on the assured to coöperate and assist in reclaiming possession of the stolen car, by replevin proceedings, when it was located after the larceny.

When plaintiffs had established their prima facie case and rested, defendant offered to prove that, seventy-five days after the theft, the truck was discovered, in the State of West Virginia, in possession of persons who claimed title, that it called on plaintiffs to coöperate in recovering possession of the car by bringing an action of replevin, agreeing to pay all expenses and costs incident to the proceeding, and to reimburse plaintiffs for loss of

time, or any other damage connected therewith, and, if the truck was not recovered, to pay the amount of the policy; in case it should be recovered, to restore it to plaintiffs, in as good condition as when taken, or, to reimburse them, for any damage the truck might have sustained, and that plaintiffs refused to coöperate or to permit their names to be used in the action to recover it. On objection to the offer, the court declined to receive the proofs which it advanced, and, defendant having no further testimony, the case was submitted to the jury, whose verdict was 'in plaintiffs' favor for the amount of the policy. The objection made was principally on the ground that the testimony proffered recited no undertaking to return the stolen car to plaintiffs at any time prior to the accrual of their right to recover the sum sued for, and, in the absence of evidence of an assumption to return it before the accrual of such right, or to pay the loss thereupon, the proposed testimony did not constitute a defense to the policy, and, for the further reason, that there was no requirement on plaintiffs, in the contract of insurance, to bring suit, or to coöperate in so doing. If defendant desired to put upon plaintiff the burden of bringing an action of replevin for the car under the circumstances set forth in its offer of proof, its policy should have so provided, but nothing of that kind can be found in it.

The policy sets forth, "the sum for which this company is liable,......shall be payable sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required, have been received by this company." Having bound itself to pay within this sixty-day period, it could not, by a demand on plaintiffs to sue out a writ of replevin, indefinitely postpone the time of payment until the termination of the replevin suit. It may be, although that question is not in the case, that the company would have the right to return the truck within the sixty-day period. The offer, as made, did not allege an undertaking to restore the car within that time, or

pay for it, or to restore it at any specified time, or, indeed, within the period during which suit could have been brought on the policy, fixed by its terms "within twelve months next after the happening of the loss."

In the case of O'Connor v. Maryland Motor Ins. Co., 287 Ill. 204, 122 N. E. Repr. 489, an action on a policy similar to the one before us, where the stolen automobile was found and tendered to the insured, it was held that, as sixty days had expired after the notice and proof of loss were given, before the finding and attempted return of the car, the return of it was not a valid defense. What was said by the Supreme Court of Illinois in that case can well be repeated: "Obviously, in order to make an insurance policy of this kind of value to the owner of the property, there must be some time fixed after which the return of the automobile will not release the company from liability. Automobiles are so generally used in business affairs and other activities of life that public policy requires that a person having a theft policy should not be compelled to wait indefinitely on the chance of having the stolen automobile recovered, or be compelled to incur the expense of buying a new one, and thereafter taking the old one back if recovered."

Appellant argues there is a duty, imposed by the policy upon plaintiffs, to actively coöperate and assist in the recovery of the stolen property, and, as fixing this duty, calls attention to a clause under the heading "Repair and Rebuild" as follows: "In the event of loss or damage under this policy, this company shall be liable only for the actual cost of repairing, or, if necessary, replacing the parts damaged or destroyed. It shall be optional with this company to repair, rebuild, or replace the property lost or damaged with other of like kind and quality within a reasonable time, on giving notice within thirty days after the receipt of the sworn statements of loss herein required, of its intention so to do, but there can be no abandonment to this company of the property described." When we take account of the fact that the

policy covers loss by fire as well as theft, it is obvious this relates to fire losses. Possibly it might be invoked in case of theft, where a car was stolen and recovered in a damaged condition, but that is not the situation with which we are dealing. The contract provides that upon payment of the loss defendant can be subrogated to plaintiffs' rights. By settling with plaintiffs, appellant could have placed itself in position to institute replevin for the truck and by recovering it have minimized the loss.

The trial judge properly excluded the attempted defense, as defendant did not propose to prove it obligated itself to return the car or pay the money due on the policy within the sixty-day period if the insured would lend their aid in a replevin. What was to be shown was, in effect, a proposal to return the car, or pay the money, when the replevin proceeding was terminated. The terms of the offer make manifest that the insured were within their rights in refusing to issue the replevin, as they had no assurance that either car or money would be in their hands within the sixty days.

The assignments of error are overruled and the judgment is affirmed.