# THE BANKERS JOINT STOCK LAND BANK OF MILWAUKEE v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.[1]

March 14, 1924.

No. 23,722.

**Statutory "union mortgage" insurance clause.**
  1. "Union mortgage clause" explained.

**Statutory prorating applicable when policies have union mortgage clause.**
  2. Section 3322, G. S. 1913, providing for prorating insurance when there are two or more policies, applies to and is, under the "union mortgage clause," a part of the contract between a mortgagee and an insuring company.

**Mortgagor cannot destroy mortgagee's insurance.**
  3. Mortgagee's contract of insurance cannot be destroyed by the mortgagor.

**Statutory contribution from first insurer where total loss occurs under two policies.**
  4. Where an insured insured with appellant a granary for $400, fixing the insurable value at $600, and he then takes out another policy

[1] Reported in 197 N. W. 749.

with another company in which he insures the same building for $800, in which the insurable value is fixed at $1,000; and each policy has a "union mortgage clause" in favor of the mortgagee holding a $3,600 mortgage, and the granary is totally destroyed by fire: *Held* mortgagee's contract of insurance in first policy is not affected but remains undestroyed, and that the statute requiring contribution applies.

**First insurer not liable above insurable value in its policy.**

5. In such case the original insurer cannot be required to contribute toward the payment of a loss in excess of the insurable value as fixed in its policy.

Action in the district court for Crow Wing county to recover $400 upon a fire insurance policy. The answer alleged that the policy contained a clause: "This policy shall be void if assured now has or shall hereafter make any other insurance on said property without the assent of the company," and that the insured and plaintiff procured a policy of insurance in another company without the assent of defendant. The case was tried upon written stipulation of facts before McClenahan, J., who made findings and ordered judgment for the amount demanded. From the judgment entered pursuant to the order for judgment, defendant appealed. Remanded with directions to modify the judgment.

*Mitchell, Doherty, Rumble, Bunn & Butler,* for appellant.

*M. E. & C. A. Ryan,* for respondent.

WILSON, C. J.

On August 6, 1919, defendant issued to one Flansburg its standard Minnesota policy of fire insurance covering, among other things, a certain granary, for the term of 3 years. There was a rider attached, making loss thereunder payable to plaintiff herein, as its interest might appear, it being a mortgagee in a mortgage for $3,600, which remains unpaid. By this policy, the defendant insured Flansburg against loss by fire to the granary in the sum of $400, and the insurable value of the granary was fixed at $600.

On November 28, 1921, the insured procured another Minnesota standard form policy contract of insurance upon said granary from the Connecticut Fire Insurance Company, insuring him against loss by fire in the sum of $800, and in this policy the insured value of

the granary was stated to be $1,000. This policy contained a clause making the loss, if any, occurring thereunder payable to said mortgagee as its interest might appear.

On June 30, 1922, while both of said policies were in full force and effect, as we construe the stipulation and briefs of the parties, the granary so insured was totally destroyed by fire.

Upon these facts, the trial court found the plaintiff to be entitled to judgment for the sum of $400 and from such judgment against the defendant, it has appealed.

In the insurance policy sued upon is the following clause:

"If this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee or his agents, or those claiming under him, shall affect such mortgagee's right to recover in case of loss on such real estate."

This portion of the policy together with the rider making the loss, if any, payable to the mortgagee, constitutes the "union mortgage clause." Magoun v. Fireman's Fund Ins. Co. 86 Minn. 486, 490, 91 N. W. 5, 91 Am. St. 370.

Section 3322, G. S. 1913, provides:

"Every company insuring any building or other structure against loss or damage by fire, lightning, or other hazard, by the issue of a policy or renewal of one theretofore issued, or otherwise, shall cause such structure to be previously examined, a full description thereof to be made, and its insurable value to be fixed, all by the insurer or his agent, and the amount thereof to be stated in the policy. In the absence of any change increasing the risk, without the consent of the insurer, of which the burden of proof shall be upon it, and in the absence of intentional fraud on the part of the insured, the whole amount mentioned in the policy or renewal upon which the insurer receives a premium, shall be paid in case of total loss, and in case of partial loss, the full amount thereof. If there are two or more policies upon the property, each shall contribute to the payment of the whole or partial loss in proportion to the amount specified."

By virtue of the "union mortgage clause," which is a statutory requirement in all fire insurance policies issued in this state, the re-

spondent has an independent contract of insurance covering the mortgagee's interest, and gives it the same protection as if it had taken out a separate policy. It liberates the mortgagee from conditions imposed upon the owner; and the rights of the mortgagee cannot be imperiled by "any person other than such mortgagee or his agents." The mortgagee's insurance cannot be destroyed by the mortgagor or others. Magoun v. Fireman's Fund Ins. Co. 86 Minn. 486, 91 N. W. 5, 91 Am. St. 370.

The appellant cannot avoid liability to the mortgagee nor destroy respondent's insurance. An independent contract of insurance exists between the parties to this action. The statutory provisions applicable and the policy itself constitute such contract, limited only by the "union mortgage clause" upon the portions of the policy providing for its avoidance under certain conditions. One of the statutory provisions applying to this contract is that part of section 3322, G. S. 1913, which says: "If there are two or more policies upon the property, each shall contribute to the payment of the whole or partial loss in proportion to the amount specified." There must therefore be contribution. Had the assured taken out a policy which did not contain a mortgage clause covering the interest of the respondent, the "union mortgage clause" in the first policy would operate so as to prohibit the application of the statutory contribution. The respondent is made the beneficiary, to the extent of its interest, in the second policy; and whether it, in fact, caused the policy to issue or not, the fact remains that it may avail itself of its rights thereunder. In the absence of contribution the respondent could collect insurance in excess of the insurable value which would not be in harmony with our statute. Sections 3322 and 3323, G. S. 1913. Recognizing the statute providing for contribution as a part of respondent's contract with the appellant, leads us to a different conclusion than that which the trial court reached.

The purpose of the "union mortgage clause," is to secure and make certain the interest of the mortgagee. It cannot have an interest in excess of the insurable value and that interest remains intact to the full extent, in this, that the respondent can apparently collect $200 from appellant and $400 from the other company, and it then under

the other policy could apparently collect another $400. We cannot see, therefore, any reason to conclude that the interest of the mortgagee is not secure. On the contrary, we think its rights are absolute and as safe and secure as to hold in accordance with the claims of the respondent. In fact, the act of the insured in taking out the second policy, upon our theory of the law, advanced the interest of the mortgagee. It cannot well urge that the advancement of its interest by giving it additional protection and security in the way of additional insurance, violates the spirit of the "union mortgage clause" wherein it says, "no act or default of any person * * * shall affect such mortgagee's right to recover." True, respondent's right to recover a specified amount under this particular policy may be affected but only to the extent which the statutory law of the state provides in reference to contribution. Such law in this case is a part of the contract of insurance between the appellant and respondent and it must prevail. Under such circumstances the respondent does not, in fact, suffer loss, and the integrity of its contract for insurance is maintained.

Under our statute, in the event of total loss, there can never be contribution by insurance companies unless the total insurance on the property exceeds the insurable value.

Appellant's liability must be fixed from the insurable value stated in its policy, i. e. $600. The total insurance on the building was $1,200, of which appellant had $400 and the Connecticut Company $800. Appellant's pro rata share would be 4/12, or $200, and the Connecticut Company's share would be $400. The prorating extends only to the extent of the concurrence of the two policies up to the insurable value as stated in the smaller policy. This would be to the extent of $600. The additional insurable value of $400, required to equal the $1,000 insurable value stated in the Connecticut Company policy, would have no concurrent insurance and would have to be paid in full by that company and this would require its full liquidation of its policy. This fact results from the Connecticut Company fixing the insurable value at $1,000 in its policy. We refer to the apparent rights and obligations of the Connecticut Company merely to show the justice of our conclusion as to the rights

of the parties to this action. To accept the sum of $1,000 which is the insurable value as stated in the Connecticut Company's policy as a recognized loss would compel appellant to contribute to the payment of a loss of $1,000 when its contract fixes the total possible loss to the insured at $600. The policy says "the insured shall recover * * * no greater proportion of loss, except in case of total loss, * * * than the sum hereby insured bears to the whole amount insured thereon." Here we have a total loss. Hence this provision does not necessarily control. Our difficulties arise because the insured has made two contracts of insurance in which the insurable value is different. Certainly the appellant's contract cannot be enlarged, extended or modified without its consent. It must follow that the insurable value as fixed in the second policy cannot control or have any bearing in determining the rights of appellant. It, of course, has the right to insist that insofar as it is concerned the total loss cannot exceed $600 which as to it is the insurable value.

Holding, as we do, that an essential element of the mortgagee's contract for insurance, under the "union mortgage clause", is the law requiring contribution which prevails over the language of the clause, and that the spirit of the contract has not been violated, the method used by us in prorating the insurance is largely approved by the case of Cave v. Home Ins. Co. 57 S. C. 347, 35 S. E. 577. The provision for contribution in our law, and the provision for contribution in the law of South Carolina are substantially the same.

This case is remanded to the lower court with directions to modify the judgment in conformity with the views herein expressed.

QUINN, J. (dissenting.)

| | |
|---|---|
| Insurable value | $1,000 |
| First policy | 400 |
| 2nd policy | 800 |
| Total Insurance | 1,200 |
| Total loss | 1,000 |

( ? ) : 400 : : 1000 : 1,200

$400 \times 1000 \div 1200 = 333.34$ appellant's pro rata.

$1,200 is 120% of the loss.

400 is 120% of $333.34, pro rata for appellant to pay.

800 is 120% of $666.66, pro rata for Con. Co. to pay.

It seems to me that the question in this case is one of arithmetic. The basis of appellant's liability, is the fact that $400 is 20% more than its pro rata of the total loss.   (A problem in proportion.)

HOLT, J. (dissenting)

I concur in views of Justice Quinn.