# A. W. BUELL AND OTHERS v. UNITED FIREMEN'S INSURANCE COMPANY.[1]

April 30, 1926.

No. 24,961.

**No recovery against insurance company when it could immediately recover by right of subrogation.**

1. The defendant was the insurer of an auto owned by the plaintiff Buell with loss payable to the plaintiff Studebaker Sales Company, its vendor in a conditional sales contract, as its interest might appear. After the theft Buell bought another car of the Studebaker company and assigned to it the insurance with the understanding that the amount recovered, above that to which it was entitled under the loss payable clause, should be applied on the purchase price. The insurance company, upon payment of the loss, would be subrogated to any cause of action Buell might have against another for negligence causing the loss. It defended upon the ground that the negligence of the Studebaker company caused the loss, and therefore it should not be permitted to recover, when, upon payment, the defendant could immediately recover by right of subrogation; and upon the further ground that Buell breached a covenant in the policy relative to diligence in caring for the auto so as to prevent recovery by anyone. The case was tried and submitted on both these claims.

**Special findings of jury sustained by evidence.**

2. The jury found that the plaintiff Buell did not breach the condition of the policy, and that he was not negligent. It found that the Studebaker company which had custody of the auto for inspection and repair was negligent. The evidence sustains the findings.

**Upon findings no recovery by vendor against insurance company.**

3. Under these findings the Studebaker company could not recover for a loss sustained through its negligence; and if the loss was through its negligence the effect was that the amount which otherwise would have been recovered on the policy, less the amount to which it was entitled under the loss payable clause, was in law a payment on the new auto sold by it to Buell.

[1]Reported in 208 N. W. 819.

Burglary and Theft Insurance, 9 C. J. p. 1099 n. 71.
Insurance, 32 C. J. p. 1315 n. 47; 33 C. J. p. 43 n. 42.
Sales, 35 Cyc. p. 271 n. 55 New.

See notes in 44 L. R. A. (N. S.) 75; 51 L. R. A. (N. S.) 584; L. R. A.
1915E, 579; L. R. A. 1917F, 543; 14 A. L. R. 215; 19 A. L. R. 971;
24 A. L. R. 740; 14 R. C. L. 1271; 3 R. C. L. Supp. 376; 4 R. C. L.
Supp. 957; 5 R. C. L. Supp. 807.

Action in the district court for Ramsey county upon a policy of insurance against theft of an automobile. The case was dismissed by Hanft, J., without objection as to the plaintiff finance corporation and over objection as to plaintiff Buell. The jury returned a verdict for the defendant insurance company against the plaintiff Studebaker Sales Company. Plaintiffs Buell and Studebaker Company appealed from an order denying their motion for a new trial. Affirmed.

*Arthur E. Shanahan,* for appellants.

*Brown & Guesmer, Edwin C. Brown* and *Charles A. Loughin,* for respondent.

DIBELL, J.

Action on a policy of insurance against the theft of an automobile owned by the plaintiff Buell. He had bought it of the plaintiff Studebaker Sales Company on a conditional sales contract. The insurance was payable, as their interests might appear, to the Industrial Finance Corporation and the Studebaker company. These two companies and Buell were the plaintiffs. At the trial the case was dismissed without objection as to the finance corporation, its interest having ceased, and over objection as to the plaintiff Buell. There was a verdict for the defendant and against the plaintiff Studebaker company. The plaintiffs Buell and the Studebaker company appeal from the order denying their motion for a new trial.

1. The Studebaker company had an interest in the insurance, by virtue of the loss payable clause, to the extent of the unpaid portion of the purchase price of the auto. After the theft Buell bought another car of the Studebaker company, and assigned to it the insur-

ance covering the stolen one. The company was to collect, and the amount collected in excess of the amount to which it was entitled under the loss payable clause was to be applied on the purchase price of the new auto. Buell warranted in the policy that the auto would be equipped with a specified locking device, and in connection therewith entered into this undertaking:

"The assured undertakes during the currency of this policy to use all diligence and care in maintaining the efficiency of said locking device and in locking the automobile when leaving the same unattended."

The answer alleged a breach of the undertaking to use diligence and care when leaving the auto unattended. It alleged, further, that the plaintiff Studebaker company, in whose custody Buell placed the auto for inspection and repair, was negligent in caring for it.

Under the loss payable clause the Studebaker company was the appointee to receive the insurance money, to the extent of its loss, which otherwise would go to Buell. It could not recover if Buell could not; nor did the assignment put it in a better position than Buell as to any portion of the insurance. The loss payable clause was the equivalent of an open mortgage clause as distinguished from the union mortgage clause. Allen v. St. Paul F. & M. Ins. Co. supra, page 146; Bankers J. S. L. B. v. St. Paul F. & M. Ins. Co. 158 Minn. 363, 197 N. W. 749.

Upon payment of the loss the insurance company would be subrogated to a cause of action, if any, which Buell had against a third person for negligence resulting in the theft, and so against the plaintiff Studebaker company if its negligence caused the loss, and this by a general rule of law as also by the terms of the policy. Stevens v. Stewart-Warner Speedometer Corp. 223 Mass. 44, 111 N. E. 771; Cancilla v. Firemen's Fund Ins. Co. 277 Pa. St. 223, 120 Atl. 824.

The theory of the defendant was that since upon payment it was entitled to recover of the Studebaker company for its negligence, just as Buell might, it should be allowed, when sued by the com-

pany, to prevent a recovery by showing that its negligence caused the loss; and it framed its pleadings so as to prevent a recovery either if the plaintiff Buell violated a condition of the policy, or if the negligence of the plaintiff Studebaker company caused the loss.

The case was tried without objection with the pleadings raising these issues. And there is authority in support of the procedure which the parties accepted. Philadelphia Underwriters v. Fort Worth & D. C. Ry. Co. 31 Tex. Civ. App. 104, 71 S. W. 419.

2. On May 23, 1924, Buell left his auto in the custody of the plaintiff Studebaker company for inspection and repair. When it finished the company parked it on the street adjoining its place of business. Within 30 or 40 minutes it was stolen.

Upon special findings submitted to it the jury found that the plaintiff Buell did not violate the condition quoted in the preceding paragraph relative to diligence and care when leaving the auto unattended; that he was not negligent; and that the plaintiff Studebaker company was negligent. These findings are sustained and we need not discuss the evidence. See Stevens v. Stewart-Warner Speedometer Corp. 223 Mass. 44, 111 N. E. 771.

3. Under the special findings of the jury the plaintiff Buell was not prevented from recovering upon the policy because of a breach of the condition of the policy, or because of his negligence; but the Studebaker company was prevented by its negligence from recovering; that is, if the insurance company had recognized its liability, and paid Buell, it could have recovered at once against the Studebaker company the amount it paid Buell. The amount of the insurance was $1,300. The value of the auto was in excess of that. Buell's interest in the insurance, at the time of the loss, was substantially $800, and the Studebaker company's interest $500. The record does not show clearly what has been paid since.

The Studebaker company cannot complain. The jury determined on sufficient evidence that Buell was not negligent and it was negligent. The case would be easier of decision, if Buell had been in the case at the end; but we see no substantial wrong to him. He assigned the insurance money to the Studebaker company with full authority to collect. Besides, the amount collected, above the sum

due the company under the loss payable clause, was to be applied on the new auto which he bought of the company. If the company failed of recovery, because of its negligence, the effect was that the amount which otherwise would have been recovered, less the amount which the company was entitled to have under the loss payable clause, was in law applied upon the purchase price of the new auto. There is no dispute as to amounts, or at least they are readily ascertainable. The case does not work out so easily as if there had been a trial to the court where specific findings would determine in detail the rights of the parties. But the rights of the two plaintiffs, Buell and the Studebaker company, between themselves, are not left in substantial doubt. The sufficiency of the proof of loss does not call for consideration. It was filed a day late, but it would hardly be claimed that it was insufficient because of that; and besides the waiver apparently was complete.

Order affirmed.