**AUTOMOBILE INS. CO. et al. v. TEAGUE et al. (No. 12137).**

Court of Civil Appeals of Texas. Fort Worth.
April 27, 1929.

Rehearing Denied June 1, 1929.

E. G. Senter, of Dallas, for defendant Century Ins. Co.

Thompson, Knight, Baker & Harris, of Dallas, for appellants.

Smith & Smith and Billingsley & Billingsley, all of Fort Worth, for appellee.

BUCK, J. H. R. Teague had a house built, and employed B. F. Richardson as a contractor to build same. He and his wife gave a mechanic's lien on the lot and the improvements erected and to be erected on the lot, of date March 24, 1927. Richardson agreed to erect on said lot, for a consideration of $4,500, for which a note was given, a five-room brick veneer cottage. On April 16, 1927, said Richardson transferred and assigned the mechanic's lien and note to the Chickasaw Lumber Company, and the lumber company assumed the obligations of the contractor. The building of the house proceeded. The day the house was started, Teague went to the firm of Mitchell, Gartner & Walton, in the city of Fort Worth, and took out an insurance policy, or "builder's risk," in the sum of $2,100 on the house in process of erection. This was done without the knowledge of the Chickasaw Lumber Company or of any officer thereof. Later, on May 12, 1927, when the building was about completed, Teague had this builder's risk policy canceled and took out a policy for $4,200 with the Automobile Insurance Company of Hartford, Conn. Premiums were paid on both these policies, but the policies themselves were left in the office of Mitchell, Gartner & Walton, agents.

On the 31st of March, 1927, without the knowledge of Teague, the Chickasaw Lumber Company telephoned to J. E. Foster & Son, agents for the Century Insurance Company, Limited, of Edinburgh, Scotland, and instructed said agents to issue to H. R. Teague a policy for $2,000, payable, as their interest should appear, to the mortgagee, the Chickasaw Lumber Company. The premium was paid. On May 20, 1927, the building was partially destroyed by fire. Proof of loss was made by Teague to the Fire & Marine Underwriters, Hartford, Conn., evidently on the policy issued by the Automobile Insurance Company. Teague and W. J. Blount, the latter acting as an adjuster for Mitchell, Gartner & Walton, agreed upon the amount of the loss, and said amount, to wit, $2,176.70, was stated in the proof of loss. Teague testified that he agreed to settle for this amount, although it was some less than the actual loss, on the promise of a prompt settlement. The agents of the Automobile Insurance Company found out that a policy for $2,000 had been issued by the Century Insurance Company, and the latter company was called upon for a contribution towards the payment of the loss. That company refused to pay any part of the loss, and thereupon the Automobile Insurance Company declined to settle.

Suit was filed by plaintiff against the Automobile Insurance Company, the Fire & Marine Underwriters' Agency, Mitchell, Gartner & Walton, a co-partnership, in which plaintiff alleged his loss to be $2,676.70, and prayed judgment therefor. The Chickasaw Lumber Company, a copartnership, consisting of L. A. Henderson, C. E. Sykes, and P.

E. Rasp, intervened, as plaintiff, and made the Century Insurance Company a party defendant.

The cause was tried before the court without the intervention of a jury, and the court entered judgment. Plaintiffs H. R. Teague and the Chickasaw Lumber Company took a nonsuit as to the defendants Mitchell, Gartner & Walton. The court found that Teague and the Chickasaw Lumber Company were entitled to judgment against the Automobile Insurance Company and the Fire & Marine Underwriters' Agency. The court further found that Teague was indebted to the Chickasaw Lumber Company for more than the amount of the loss sustained, and subrogated the intervener, Chickasaw Lumber Company, to all the rights of Teague, the plaintiff, and gave said partnership a judgment against the Automobile Insurance Company and the fire & Marine Underwriters' Agency, jointly and severally, in the sum of $2,176.70, with interest thereon at the rate of 6 per cent. from July 20, 1927, together with all costs. Judgment was given against the plaintiff and the intervener and in favor of the Century Insurance Company. From this judgment the Automobile Insurance Company and the Fire & Marine Underwriters' Agency have appealed.

### Opinion.

In 14 R. C. L. § 567, p. 1403, it is said: "It is, of course, settled that one of several co-insurers of the same property who has paid more than his share of the loss is entitled to contribution from his co-insurers, determined by the proportion borne by each policy to the aggregate amount of all the policies upon the property, and the only question which can arise is with reference to who are co-insurers under this rule. Where a warehouseman has insured goods held by him for the benefit of himself and the owner, and the owner has obtained like insurance, clearly a case for contribution between the insurers exists. Where a bailee's agent, under a contract to procure insurance on the property, insures only part of it for the benefit of himself, his principal and the owners, and part of the owners insure their interests in a separate company for their own benefit, in case of loss the first insurance will be applied to the risks covered by it alone, towit, those of the bailee and owners uninsured by the other company and thus incidentally to the benefit of the agent, before contribution will be enforced in favor of the second insurer towards paying the loss of the owners insured by it."

See Deming v. Merchants' Cotton Press & Storage Co., 90 Tenn. 306, 17 S. W. 89, 13 L. R. A. 518, by the Supreme Court of Tennessee; 4 Cooley's Brief on Law of Insurance (1905 Ed.) p. 3098.

In 6 R. C. L. p. 1048, § 10, under the head "Co-insurers," it is said: "If several insurers bind themselves to pay the entire loss in case of the destruction of the subject of the insurance, and one insurer pays the whole loss, the one so paying has a right of action against his co-insurers for a ratable proportion of the amount paid by him, because he has paid a debt which is equally and concurrently due by the other insurers. But if each of several insurers contracts to pay such proportion of the loss to result from the destruction of the insured premises as the amount insured by him bears to the whole insurance effected on the property, neither has any right to contribution from the other, nor will the payment of the whole loss by either of them discharge the liability of the other, for in such a case the contracts are independent of each other; nor will the payment by one insurer of more than his share of a loss, and his assignment of his right of contribution, create any cause of action in favor of his assignee. On the same principle if an owner and a mortgagee of the same property have procured insurance on their separate interests therein, and the owner seeks to recover on his policy, the defendant insurer is not entitled to contribution against the insurer of the mortgagee's interest."

But, as will more specifically appear from reading the decision cited in note 10, under the statement in the above quotation, that "if each of several insurers contracts to pay such proportion of the loss to result from the destruction of the insured premises as the amount insured by him bears to the whole insurance effected on the property, neither has any right to contribution from the other," the question of contribution by one co-insurer to the other, after the loss had been paid, or a greater amount has been paid by one co-insurer than he owes, and he sues the other co-insurer for contribution, is involved in the quotation. But such is not true in the instant case. In this case, both coinsurers were parties defendant, and it was not a question of the right of contribution as between the insurers, but as to whether each insurer owed the plaintiff its pro rata part of the loss.

The Automobile Insurance Company's policy provides, in a special typewritten clause attached to it, that: "It is agreed that any loss or damage on building or buildings only, ascertained and proven to be due to the assured under this policy, shall be held payable to ——— as interest may appear; subject, however, to all the terms and conditions of this policy which are made a part hereof."

The policy also provides: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

The Century Insurance policy provides: "In case of any other insurance upon the

within described property, this Company shall not be liable to said mortgagee (or trustee) under this Policy for a greater proportion of any loss or damage to the within described property, than the sum hereby insured bears to the whole amount of insurance on said property, payable to, held by, or consented to by said mortgagee (or trustee)."

In both policies H. R. Teague is named as the insured. The Century policy provides that loss or damage, if any, on the building items under this policy, shall be made payable to the Chickasaw Lumber Company as its interest may appear.

No attempt to show any actual fraud on the part of either the Chickasaw Lumber Company or H. R. Teague is evidenced. Under the mechanic's lien executed by Teague and wife to Richardson, and thereafter assigned by Richardson to the Chickasaw Lumber Company, it is provided that the owners agreed to keep the improvements on said premises insured in the sum of at least $4,000, and, in the event said owners did not keep said improvements insured, the contractor may have said property insured to the amount above named, and the expenses incurred therefor shall be added to the contract.

■ Where a fire policy stipulates that an insurer shall not be liable for a greater proportion of any loss on the property covered than the amount insured by it bears to the whole insurance on the property, the company issuing said policy is not liable for a greater amount than stipulated. See Liverpool & London & Globe Ins. Co. v. Delta County Farmers' Ass'n, 56 Tex. Civ. App. 588, 121 S. W. 599, writ of error refused.

In Federal Land Bank of Columbia v. Globe & Rutgers Fire Ins. Co., 121 S. E. 37, 38, (187 N. C. 97), it is said, quoting from the headnotes: "Where a standard mortgage clause provided for prorating with any insurance on the property 'issued to or held by any party or parties having an insurable interest therein, whether as owner, mortgagee or otherwise,' and the mortgagor's grantee took out an additional policy agreeably with the covenant to keep the property insured for the benefit of the mortgagee, defendant insurer held entitled to prorate with the other policy, where each contained a similar standard mortgage clause in favor of the mortgagee as its interests might appear."

See Hartford Fire Ins. Co. v. Williams (C. C. A.) 63 F. 925; Bankers' Joint Stock Land Bank of Milwaukee v. St. Paul Fire & Marine Ins. Co., 158 Minn. 363, 197 N. W. 749.

■■ We are of the opinion that, where the owner of property insures it in one company without the knowledge of the mortgagee, and where the mortgagee, without the knowledge of the insured, insures the same premises in another company, both acting in good faith, both policies are valid, and that the loss should be prorated between the two insurance companies in proportion as the amount of the insurance in each company bears to the total insurance. Therefore we conclude that the trial court erred in rendering judgment for the defendant the Century Insurance Company, and in rendering judgment for the entire loss against the Automobile Insurance Company of Hartford, Conn., and the Fire & Marine Underwriters' Agency, jointly and severally. Therefore the judgment is so reformed as to render judgment against the Century Insurance Company in favor of the Chickasaw Lumber Company for $702.16, and against the other two defendants, appellants here, jointly and severally for $1,474.54.

As so reformed, the judgment is affirmed, with all costs of appeal adjudged against the appellee the Century Insurance Company.