ANNA RITTLE v. ST. PAUL CITY RAILWAY COMPANY.[1]

June 3, 1921.

No. 22,286.

**Charge to jury error.**

1. That a passenger in a street car falls over a sample case which another passenger has placed on the floor beside him does not, as a matter of law, establish the street-car company's negligence, and the court's instruction that, if the sample case was so placed and plaintiff fell over it, she was entitled to damages, unless she was guilty of contributory negligence, was erroneous.

**Impeachment of witness — affidavit admissible in evidence.**

2. An affidavit by plaintiff, offered by defendant to impeach her testimony, should have been received. Proper foundation for its reception

[1]Reported in 183 N. W. 146.

was furnished by a witness who testified that he correctly read it to her before she signed it.

Action in the municipal court of St. Paul to recover $500 for injuries received while a passenger in defendant's street car. The answer alleged plaintiff's negligence. The case was tried before Boerner, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $200. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*C. J. Menz, J. H. Hintermister* and *W. D. Dwyer,* for appellant.

*Drill & Drill,* for respondent.

HOLT, J.

Plaintiff took passage in defendant's street car. She sat down in the long right-hand seat near the cross seats and placed her suit case under her right leg. A few blocks from her destination a traveling salesman, Mr. Houck, boarded the car, and, seating himself on the left of and next to plaintiff, placed his suit case to his left and a simple case to his right, between himself and plaintiff. He testified that the sample case, which was 17 inches long, 9 inches wide and 11 inches high, was placed up against the seat and under his right knee or leg. Plaintiff's testimony is that it was not in that position. When she rose to leave the car she struck her foot against it, or else the motion of the car caused her to stumble over the case and falling her left knee was hurt. In this action for damages she recovered a verdict. Defendant's motion for judgment non obstante or a new trial was denied and it appeals.

While the questions of defendant's negligence and plaintiff's contributory negligence were close to the border line, we conclude they were for the jury, and hence defendant is not entitled to judgment notwithstanding the verdict.

Defendant is a common carrier of passengers and must use the highest degree of care for their safety consistent with the practical carrying on of its transportation business. Passengers carry suit cases and packages of various sorts. These in a street-car cannot well be placed in a special compartment or be given in charge of anyone, nor can the owner always

hold them or dispose of them so as to avoid contact with fellow passengers. Indeed, the feet of those seated in the long seats and of those standing in the so-called aisle between, are often stumbling blocks to others. It cannot be said as a matter of law that it is negligence to permit the owner of a sample case, such as the one in question, to place it on the floor beside him. It readily may be so set down that no one, in the exercise of due care, would consider it a source of danger to any one. That passengers may be permitted to place satchels and parcels on the floor of a street car without subjecting the street-car company to the charge of negligence, as a matter of law, is the conclusion reached in the well considered cases of Pitcher v. Old Colony St. Ry. Co. 196 Mass. 69, 81 N. E. 876, 13 L.R.A.(N.S.) 481, 124 Am. St. 513, 12 Ann. Cas. 886, and Lyons v. Boston Elev. Ry. Co. 204 Mass. 227, 90 N. E. 419. In the Lyons case Justice Rugg, after stating the well known fact that passengers do carry bundles into street-cars and place them on the floor, says:

"It is too onerous a burden to require the defendant to act on the theory that every one of its passengers is likely to be careless as to his fellows. The defendant might rely upon its patrons not to be heedless of the safety of others in this respect. The fact that one out of many violated his duty does not in and of itself render the defendant liable. There must at least be some notice to the defendant of such conduct before it can be charged with responsibility."

The negligence of defendant cannot therefore be predicated on the simple proposition that the sample case was permitted to be on the floor, or that plaintiff stumbled and fell over it. It would depend, in the first place, upon whether the case was so placed that danger therefrom might be apprehended; and in the next place, whether the person in charge of the car, the conductor, knew, or, in the exercise of due care, should have known thereof.

The court, in the abstract, instructed correctly upon the degree of care expected of defendant, but when applying the rule to the facts of the case the charge was erroneous and misleading. The erroneous part was this: "Now, the burden of proof in this case rests upon the plaintiff to establish negligence on the part of the defendant, that is, she must establish to your satisfaction by a fair preponderance of the evidence

that this sample case was in the aisle, and that she actually fell over it. You will remember her testimony and the testimony of the other witnesses on this point, and if you find from this testimony that the sample case was in the aisle and that she fell over it, and that she was not guilty of any contributory negligence herself in leaving the car, then you will be entitled to find a verdict in her favor."

It is clear that this amounted to a peremptory instruction to find defendant guilty of negligence, for there was no dispute but that plaintiff fell over the sample case which was in the aisle or space between the long seats. Before the jury retired the court's attention was directed to the error and an exception saved. Plaintiff's counsel then insisted that the charge was correct, and the court did not clarify or better the situation by this statement: "The jury has heard the charge of the court, and will take into consideration the place where the sample case was, take into consideration whether or not the plaintiff was guilty of any contributory negligence in going out as she did." The knowledge which the conductor had, or, in the exercise of the care required, ought to have had of any negligent disposition of the sample case was nowhere in the instructions referred to as one of the all important facts determinative of defendant's negligence.

The affidavit obtained by defendant's claim agent from plaintiff should have been received. The claim agent testified that he read it over correctly to plaintiff before she signed it. This was a sufficient foundation regardless of plaintiff's memory. It was properly admissible to impeach her testimony on the witness stand. Had that been the only error, it would not have caused a new trial, for the claim agent was permitted to testify as to all that the affidavit contained of an impeaching character.

For the error in the charge there must be a new trial.

Order reversed and a new trial granted.