GERALD E. JONES, TRUSTEE FOR NEXT OF KIN OF SHIRLEY MARIE JONES, v. RICHARD L. PETERSON AND OTHERS.

156 N. W. (2d) 733.

February 9, 1968—Nos. 40,535, 40,548, 40,699, 40,700.

*Peterson & Holtze, Ira C. Peterson, Jr.,* and *Phillip D. Nelson,* for appellants Peterson and Coleman.

*Cragg & Barnett* and *Robert S. Cragg,* for appellants Hoover.

*Gerald Magee, Mahoney & Mahoney, Richard P. Mahoney,* and *John F. Angell,* for respondent.

SHERAN, JUSTICE.

Appeals from a judgment of the district court dated June 8, 1966, and from its order dated December 7, 1966, denying defendants' motions for an order granting a new trial.

On September 15, 1963, an accident occurred on Highway No. 52 near France Avenue in Robbinsdale, Minnesota, as a result of which Shirley Jones and Helen Peterson were killed. The Pontiac car in which they were riding apparently went out of control, left the highway, and collided with a tree. A third occupant of the car, Robert Beggs, was also killed.

An action for death by wrongful act was instituted by the trustee for

the next of kin of Shirley Jones on the theory that at the time of the collision, the Pontiac was being operated by Helen Peterson and that her negligence combined with that of Thomas Gary Hoover, operator of a Chevrolet owned by Hoover Wheel Alignment, Inc., to bring about the occurrence.

By special verdict, the jury found that Mrs. Peterson was the driver of the Pontiac and that her negligence was a direct cause of the accident. It also found that the negligence of defendant Hoover was a direct cause of the occurrence. It answered affirmatively the question: "Did Shirley Jones assume the risk of the accident by riding in the Pontiac automobile?" Plaintiff's post-trial motion to reverse the jury's answer to the question pertaining to assumption of risk was granted. Judgment was entered in favor of the plaintiff trustee against the owners and drivers of both vehicles pursuant to a jury verdict in the sum of $15,000.

All defendants appealed from the judgment. Thereafter they moved separately for an order setting aside the verdict and judgment and granting a new trial. These motions were denied by an order of the district court dated October 13, 1966. By order of this court dated November 9, 1966, the matter was remanded to the district court for resubmission and hearing on the alternative motions of the defendants. By order dated December 7, 1966, these motions were again denied.

In combination, defendants raise these issues:

(1) Was the trial court justified in finding as a matter of law that there was no assumption of risk by plaintiff's decedent?

(2) Did the trial court err in its instructions with respect to the presumption of due care?

(3) Did the trial court err in its instructions to the jury pertaining to determination of whether Shirley Jones or Helen Peterson was driving and in failing to make that determination as a matter of law?

(4) Did reversible error occur by reason of rulings of the trial judge made during the course of the trial involving:

(a) The direct examination of the witness Marilyn Laliberte, called by plaintiff and examined with respect to prior statements made by her.

(b) Restriction of cross-examination of defendant Peterson concern-

ing his testimony that he knew of no occasion when his wife allowed someone else to drive their automobile.

(c) Failure to sustain an objection on the direct examination of the witness Frank B. Kahler as to a hearsay conversation with Helen Peterson concerning her unwillingness to surrender her car keys to Kahler.

(d) Refusal of the trial court to permit an investigating police officer to testify as to the direction taken by the Peterson automobile after impact.

(5) Did the trial court properly direct the jury that defendant Hoover was negligent and that if the drivers of the two cars were racing, both were liable for damages?

■ The contention that the trial court erred in rejecting the jury's finding of assumption of risk on the part of plaintiff's decedent is based on the theory that there was evidence to support a finding that Helen Peterson was intoxicated at the time of the accident and that decedent knew this to be the fact at a time when she could have avoided the consequent risk. If this were the case and if the accident resulted from such intoxication, it would have been error for the trial court to set aside the jury's finding in this regard. We have examined the record and do not find the evidentiary support needed to establish the requisite knowledge on the part of plaintiff's decedent. See, Tanski v. Jackson, 269 Minn. 304, 130 N. W. (2d) 492; Burdick v. Bongard, 256 Minn. 24, 96 N. W. (2d) 868.

■ In submitting the case to the jury, the trial court instructed:

"A passenger has a duty to use reasonable care for his own safety when riding in the vehicle of another.

\* \* \* \* \*

"The law presumes that at the time of the accident \* \* \* the decedent was using reasonable care for her own safety. Thus, if you find that there is no evidence to the contrary, you must find that the decedent was using reasonable care."

The instruction was given pursuant to Minn. St. 602.04, which reads:

"In any action to recover damages for negligently causing the death

of a person, it shall be presumed that any person whose death resulted from the occurrence giving rise to the action was, at the time of the commission of the alleged negligent act or acts, in the exercise of due care for his own safety. The jury shall be instructed of the existence of such presumption, and shall determine whether the presumption is rebutted by the evidence in the action."

The contention of defendants is that it was error to give the quoted instructions to the jury for its guidance in assessing the conduct of plaintiff's decedent without informing the jury that the same presumption should be applied in assessing the conduct of the driver of the vehicle who was also killed in the accident. In support of this position, it is argued: "Given the purpose of the statute, there is no reason why a defendant's decedent should not be presumed to have acted with as much due care as a plaintiff's decedent." To construe the statute otherwise, defendants contend, is to permit an arbitrary classification violative of Minn. Const. art. 4, § 33, and to deny equal protection of the laws to persons in the same circumstances in violation of Minn. Const. art. 1, § 2, and U. S. Const. Amend. XIV. Although we recognize the force of this contention (see, Lambach v. Northwestern Refining Co. Inc. 261 Minn. 115, 111 N. W. [2d] 345; Lott v. Davidson, 261 Minn. 130, 109 N. W. [2d] 336; Lustik v. Rankila, 269 Minn. 515, 131 N. W. [2d] 741), we believe it has no application where the negligence of the deceased driver appears as unequivocally as in this case. The present situation is one where the driver of the Pontiac apparently engaged in a race with the Chevrolet in such a reckless manner and at such a speed as to cause the Pontiac to leave the highway and crash into a nearby tree. We cannot believe that the submission of the issue of the driver's negligence to the jury, even if accompanied by an instruction giving the benefit of a presumption of due care, would have changed the result. We have therefore concluded that prejudicial error has not been made to appear in this respect.

■ The identity of the driver of the Pontiac automobile was a major issue in the case. To prevail, it was necessary for plaintiff to establish that his decedent, Shirley Jones, was a passenger and not the driver. In this connection, the trial court instructed the jury:

246

"* * * Under the laws of our state, when and where the owner of an automobile is an occupant of said automobile in which another occupant is killed in a traffic accident, then the burden of proving that the owner, in this case Helen Peterson, was not the driver falls upon the owners. In other words, the trustee for decedent, the plaintiff herein, does not have the burden of proving that Shirley Jones was not the driver of the Pontiac. The burden of proving Shirley Jones was the driver rests upon the defendants."

Defendants argue that the instruction erroneously put the burden of proof with respect to the identity of the driver on defendants. They cite Ryan v. Metropolitan Life Ins. Co. 206 Minn. 562, 289 N. W. 557, contending that in this decision we committed ourselves to the Wigmore-Thayer theory that presumptions are merely procedural devices by which the responsibility for going forward with the evidence is placed on one party or another without affecting the ultimate incidence of the burden of proof. See, 9 Wigmore, Evidence (3 ed.) § 2491. A more recent explanation of the view of this court on this subject is to be found in TePoel v. Larson, 236 Minn. 482, 53 N. W. (2d) 468. We have concluded after deliberation that, as applied to the particular facts of this case, the instruction given does not constitute prejudicial error. This is so because if there was no credible evidence as to the identity of the person driving the Peterson car, the jury would have been required by reason of the presumption to conclude that Helen Peterson, the owner, was driving. Sprader v. Mueller, 265 Minn. 111, 121 N. W. (2d) 176. Defendants introduced evidence of persons in the vicinity of the collision whose testimony, if accepted, would have compelled a finding that Shirley Jones was the driver. There was no testimony to the contrary. But the opportunity of these witnesses to make the observations which they related was so limited that the jury could have rejected their testimony entirely on this point. It apparently did so. In this situation the treatment of the presumption in terms of burden of proof rather than in terms of the burden of going forward with the evidence is a distinction without a prejudicial difference. The parties apparently thought so, too, when the instruction was given because no exception was taken at that time.

■ Finally, we have not been persuaded that the rulings of the trial judge made during the course of the trial in connection with examination of witnesses created prejudice justifying the direction of a new trial.

(a) Marilyn Laliberte was called as a witness by plaintiff. She was an apparently disinterested witness who had observed the two cars prior to the collision. Plaintiff's attorney examined her as to her observation with respect to the two vehicles including speed, direction, and distances traveled. She was not examined on direct with respect to the attire of the driver of the Peterson car. The witness was permitted upon cross-examination (over objection upon the ground that the scope of the direct examination was being exceeded) to testify that she noticed the arm of the driver of the Pontiac and that it was covered by the sleeve of a colored dress. This testimony was significant because Shirley Jones was wearing a green dress and Helen Peterson was clothed in white. There was no impropriety in the court's ruling which in effect permitted plaintiff to cross-examine this witness on a fact question as to which defendants had made Mrs. Laliberte their witness.

(b) Defendant Richard Peterson was asked under cross-examination if he knew whether his wife ever let anyone else drive their car. He replied that he did not. On cross-examination on behalf of defendants Hoover and Hoover Wheel Alignment, Peterson was not allowed to answer as to whether he had once claimed that Shirley Jones was the driver of the car. We do not think defendants Hoover and Hoover Wheel Alignment had such an interest in the answer to this question as to make the ruling of the trial judge prejudicial. In any event, we do not know what the answer would have been, there having been no offer of proof.

(c) Frank B. Kahler, called as a witness by plaintiff, was permitted to testify that he had requested Helen Peterson to give him the keys to her car shortly before the accident; that she refused to do so; and that she continued in possession of the keys until she left the dance she and the others had been attending just before the accident. In our judgment, this was not error.

(d) Officer Harry Burns was called as a witness by plaintiffs. On direct examination he was asked about the position of the car following the accident and the damage caused to the car when it hit the tree. On cross-exami-

nation, counsel for defendants Hoover and Hoover Wheel Alignment attempted to elicit from this witness his opinion as to the direction the car moved after hitting the tree. The objection to this form of cross-examination was properly sustained.

The trial court instructed the jury as a matter of law that the drivers of the Pontiac and the Chevrolet automobiles were each guilty of negligence, leaving the question of proximate or direct causation to the jury. The evidence is that, just before the Pontiac left the highway and collided with the tree, the drivers of these two vehicles were proceeding abreast at a high rate of speed and were apparently engaged in a race. We agree with the trial judge that this constitutes negligence as a matter of law and we find nothing in Reader v. Ottis, 147 Minn. 335, 180 N. W. 117, 116 A. L. R. 463, cited by defendants Hoover and Hoover Wheel Alignment, requiring us to hold otherwise.

Affirmed.