HATTIE BAKKE, AS TRUSTEE FOR THE NEXT OF KIN OF RICHARD JORGENSON, AND OTHERS v. RAINBOW CLUB, INC. AND OTHERS.

235 N. W. 2d 375.

October 31, 1975—No. 44642.

*Neil A. McEwen,* for appellants.

*Padden, Dickel, Johannson, Wall & Taylor* and *Kenneth F. Johannson,* for respondent Rainbow Club.

*Rufer, Hefte, Pemberton, Schulze & Sorlie* and *James Schulze,* for respondent Special Administrator of Estate of Jeffrey Garry and for respondent Terrance Garry.

Heard before Otis, Peterson, and MacLaughlin, JJ., and considered and decided by the court en banc.

OTIS, JUSTICE.

This appeal and request for review arise out of a combined trial on two causes of action created by the Civil Damage Act and the so-called wrongful death statute, Minn. St. 340.95 and 573.02.[1] Plaintiffs appeal from an order of the district court

[1] Minn. St. 340.95 provides in part: "Every * * * wife, child * * * who is injured in * * * means of support, by any intoxicated person, or by the intoxication of any person, has a right of action, in his own

denying their motion for judgment notwithstanding the verdict and denying in part their alternative motion for a new trial. Defendant Rainbow Club, Inc., seeks review of the trial court's order granting plaintiff Jonathan Jorgenson a new trial on his cause of action against it.

We affirm that part of the trial court's order denying plain-tiffs judgment n. o. v. on both causes of action and that part denying plaintiff Patricia Jorgenson a new trial of the dramshop action. We reverse the order for a new trial granted plaintiff Jonathan Jorgenson and order that judgment be entered in his favor in the amount of $10,800 found by the jury.

On the evening of December 1, 1971, Richard Jorgenson and Jeffrey Garry were killed when the car in which they were riding went off the road. Jorgenson's immediate survivors, his wife, Patricia, and his son, Jonathan, sued Ernest Smith, doing business as Smitty's Tavern, and the Rainbow Club, Inc., the dram-shops in which both Garry and Jorgenson had been drinking on the night of the accident. In addition a trustee for Jorgenson's next of kin sued Garry's estate and Garry's father, the owner of the car, for wrongful death. Before trial the court granted Smith's motion for summary judgment, and that part of the action was dismissed.

After a consolidated trial the jury returned a special verdict and found Rainbow Club liable. Plaintiffs claim the jury was confused on the issue of damages. Questions Nos. 7, 8, and 9 were as follows:

"Question No. 7:

name, against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all dam-ages, sustained * * *."

Minn. St. 573.02 provides in part: "When death is caused by the wrongful act or omission of any person or corporation, the trustee appointed as provided in subdivision 3 may maintain an action therefor if the decedent might have maintained an action, had he lived, for an injury caused by such wrongful act or omission."

"Was the death of Richard Jorgenson a direct cause of damage to plaintiffs' means of support? (YES OR NO) ANSWER: No.
"Question No. 8:
"What sum of money will fairly and adequately compensate Patricia Jorgenson for damage to her means of support? ANSWER: None.
"Question No. 9:
"What sum of money will fairly and adequately compensate Jonathan Jorgenson for damage to his means of support? ANSWER: $10,800.00"

On the issue of liability for wrongful death, the jury was unable to find who had been driving the automobile at the time of the accident but did find that Jorgenson assumed the risk of his own death.

After receiving the verdict, the trial court dismissed each action against the defendants and denied all motions for judgment n.o.v. or for a new trial except the motion of plaintiff Jonathan Jorgenson for a new trial, which he granted because he believed that Questions Nos. 7 and 9 were inconsistent.

1. On appeal, counsel attacks the finding that plaintiff Patricia Jorgenson suffered no damage to her means of support. There was evidence that Richard Jorgenson had done little toward supporting his wife Patricia. He had a ninth grade education and minimal technical training. In the 3 years previous to Jorgenson's death, the family reported income of $1,750.72, $4,393, and $1,541 for tax purposes. At the time of his death, decedent was unemployed. Previously he had worked as a part-time factory worker. Decedent and his wife had separated and divorce proceedings were pending against Jorgenson when he died.

Plaintiff's attorney argues that the jury was required to find damages for the decedent's wife because Minn. St. 519.05 imposes a duty upon a husband to provide support for his wife. The record does not reflect that this issue was ever presented to the trial court, either in the form of a requested instruction or in the motion for a new trial. Accordingly the manner in which it was

submitted has become the law of the case and may not be challenged for the first time on appeal. Erickson v. Sorenson, 297 Minn. 452, 211 N. W. 2d 883 (1973). Even were we to reach the issue, we note that the question of damage to means of support has been interpreted by this court to refer to accustomed standard of living, and not to statutory obligation. Bundy v. City of Fridley, 265 Minn. 549, 122 N. W. 2d 585 (1963).

Counsel argues that we should adopt a presumption that as a matter of law the death of a husband results in damage to a wife's means of support.[2] Apparently this issue was not argued in the court below either. Considering the evidence in a light most favorable to the defendant, we cannot say that the jury's conclusion is manifestly and palpably contrary to the evidence. Accordingly, as to that issue we affirm. Hestad v. Pennsylvania Life Ins. Co. 295 Minn. 306, 204 N. W. 2d 433 (1973).

2. Nor do we agree that plaintiff Patricia Jorgenson's right to a fair trial was prejudiced because she was questioned on cross-examination about allegations she had made against the deceased in her divorce complaint and application for temporary alimony, and was not allowed to testify concerning the intention of the parties to reconcile their marital difficulties. Plaintiff's application for temporary alimony contained allegations that the deceased had physically abused her and threatened her life. The divorce complaint and application for temporary alimony were admitted into evidence to contradict and impeach plaintiff's testimony claiming a loss of the means of her support. The trial court did not abuse its discretion in receiving them. Rittle v. St. Paul City Ry. Co. 149 Minn. 216, 183 N. W. 146 (1921).

Nor was it error for the trial court to exclude plaintiff's offer to show plans for reunion. Such testimony was hearsay and probably improper under Minn. St. 595.04.

3. Plaintiffs next contend that the trial court should have charged the jury that there was a presumption the bailee of the automobile, Jeffrey Garry, was the driver at the time of the fatal

[2] See, Annotation, 4 A. L. R. 3d 1332.

accident. Plaintiffs reason that the charge would be a logical extension of this court's holding in Sprader v. Mueller, 265 Minn. 111, 121 N. W. 2d 176 (1963). In that case we held that the owner of an automobile who is the occupant of his own vehicle at the time of the accident is presumed to have been the driver. See, also, Jones v. Peterson, 279 Minn. 241, 156 N. W. 2d 733 (1968). Plaintiffs argue that if the jury had been charged with such a presumption they would have been obliged to find that Jeffrey Garry was driving at the time of the accident. We decline to reach the issue in this case because the jury finding that Richard Jorgenson assumed the risk of his own injury and death by furnishing intoxicating liquor to Jeffrey Garry is a defense to the action for wrongful death.[3]

4. The trial court apparently awarded a new trial to Jonathan Jorgenson on the issue of dramshop liability because it believed that an inconsistency existed between Questions Nos. 7 and 9 which could not be reconciled. When dealing with contradictions in special verdicts, this court has held that the trial court should try "to give effect to the intention of the jury and to harmonize [the] answers to interrogatories if it is possible to do so." Reese v. Henke, 277 Minn. 151, 155, 152 N. W. 2d 63, 66 (1967). In this case the confusion in the special verdict seems to have arisen from the ambiguity of Question No. 7 which asked the jury to determine whether the *plaintiffs*, that is, both of them, were damaged in their means of support. The jury answered that *both* plaintiffs had *not* been damaged in their means of support, but found that *one* of the plaintiffs, Jonathan, *had* been damaged in the amount of $10,800. The jury's answers, seen in this light,

---

[3] This cause of action arose on December 1, 1971, before the release of our opinion in Springrose v. Willmore, 292 Minn. 23, 192 N. W. 2d 826 (1971). Springrose held that assumption of the risk would no longer be a complete defense to negligence in light of Minnesota's comparative negligence statute, Minn. St. 604.01, subd. 1. However, the old rule was specifically retained for all causes of action arising before the date on which Springrose was issued.

are not contradictory or perverse, and judgment should be entered to reflect that finding.

5. Defendant dramshop, on review, contends that there was no evidence from which the jury could have found that either Richard Jorgenson or Jeffrey Garry was obviously intoxicated within the meaning of Minn. St. 340.14, subd. 1a, when served by the bar. However, on reviewing the record, we find that the jury could have inferred from the testimony of the deputy sheriff that Jorgenson was obviously intoxicated. As well, the testimony of the bar owner in the town of Newfolden established that he could tell that both Jorgenson and Garry had been drinking. Such findings will not be overturned on appeal unless clearly and palpably contrary to the evidence. Hestad v. Pennsylvania Life Ins. Co. *supra.*

Reversed in part, affirmed in part, and remanded for disposition in accordance with this opinion.