Delbert HANNAH and Wilma
Hannah, Appellants,

v.

CHMIELEWSKI, INC., Respondent,

Admiral Insurance Company, Respondent,

The Red Carpet Bar, Inc., et
al., Respondents.

No. 82–85.

Supreme Court of Minnesota.

Aug. 27, 1982.

Donohue, Rajkowski & Hansmeier and
Frederick L. Grunke, St. Cloud, for appellants.

Edward R. Soshnik and James E. Moon,
Bloomington, for Chmielewski, Inc.

Dean K. Johnson, Bloomington, for Admiral Ins. Co.

Foster, Waldeck, Lind & Humphrey and
Thomas A. Foster, Minneapolis, for The Red
Carpet, Inc.

WAHL, Justice.

Wilma Hannah, the wife of police officer Delbert Hannah, brought this action under Minn.Stat. § 340.95 (1980), the Civil Damage Act (Dram Shop Act), in order to recover for damage to her means of support when her husband was injured in the line of duty by an intoxicated person to whom respondents Chmielewski and the Red Carpet Bar had served alcoholic beverages.[1] The Stearns County District Court granted respondents' motions for summary judgment, concluding that Wilma Hannah's claim was governed by *Hannah v. Jensen*, 298 N.W.2d 52 (Minn.1980) (*Hannah* I), where we held that the fireman's rule bars recovery by police officers in dram shop

---

1. Delbert and Wilma Hannah also claimed a right under Minn.Stat. § 340.12 (1980) to damages as third-party beneficiaries to liability policies between respondent bar and their insurance companies. We do not consider this claim since it was not raised on appeal.

actions where the injuries resulted from risks reasonably anticipated in the course of the officers' duties.[2] We reverse and remand for additional proceedings.

Officer Delbert Hannah was injured by Robert Jensen on August 21, 1976, after Jensen had been drinking at the Office Bar, owned and operated by Chmielewski, and at the Red Carpet Bar. The material facts are not in dispute: Jensen injured Hannah after drinking at respondents' bars, and respondents' acts of serving Jensen alcoholic beverages were a proximate cause of Hannah's injuries. After our decision in *Hannah I*, the Hannahs filed an amended complaint in which Wilma Hannah asserted a claim that the spouse of a policeman injured by an intoxicated person can maintain an action under Minn.Stat. § 340.95 even when the fireman's rule bars the policeman from maintaining such an action on his own behalf. The lower court determined that she could not maintain such an action. The sole issue raised by the appeal is whether Wilma Hannah is entitled to a separate cause of action under section 340.95.

The Minnesota Civil Damage Act provides:

> Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by an intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling or bartering intoxicating liquors, caused the intoxication of such person, for all damages, sustained * * *.

Minn.Stat. § 340.95. In *Hannah I*, we determined that the fireman's rule prevented Hannah from recovery under the statute on the theory that a policeman assumes the risk of being assaulted by the person he is called to subdue. 298 N.W.2d at 54. The doctrine of primary assumption of risk, which forms the basis of the fireman's rule, is not a defense but is a "legal theory which

relieves a defendant of a duty which he may otherwise owe to the plaintiff with respect to particular risks." *Armstrong v. Mailand*, 284 N.W.2d 343, 351 (Minn.1979) (citations omitted). It "relates to the initial issue of whether a defendant was negligent at all—that is, whether the defendant had any duty to protect the plaintiff from a risk of harm." *Springrose v. Willmore*, 292 Minn. 23, 24, 192 N.W.2d 826, 827 (1971).

If Wilma Hannah's claim were derivative rather than independent, the fireman's rule would relieve respondents from liability to her under section 340.95. However, we find that the plain language of the statute and our earlier decisions interpreting the statute support her claim to an independent right of recovery.

The statute says in plain language that "[e]very * * * wife injured in * * * means of support, * * * by the intoxication of any person, has a right of action, in [her] own name, against [the vendor]." Minn.Stat. § 340.95. The language of the statute is broad, referring to "every person," "the intoxication of any person," and the right of action "in [her] own name." This language is in direct contrast to the wrongful death statute which allows a trustee to maintain an action "if the decedent might have maintained an action, had he lived." Minn.Stat. § 573.02 (1980). In the latter statute, the trustee's action is clearly dependent upon the decedent's right to maintain the action. Such is not the case with the Dram Shop Act.

Furthermore, the statute specifically mentions "wife." Since, in *Hannah I*, Delbert Hannah was not the husband, wife, child, parent, guardian or employer of the injured person, we had to look to the phrase "or other person" in order to decide whether he had a section 340.95 cause of action. The statute clearly says, however, that the wife of an injured person shall recover and thus specifically includes Wilma Hannah.

---

**2.** We note that the legislature, in its most recent session, adopted the following statute: "The common law doctrine known as the fireman's rule shall not operate to deny any police officer * * * a recovery in any action at law or authorized by statute." Act of March 22, 1982, c. 601, § 3, 1982 Minn. Laws 1393. This act, effective August 1, 1982, Minn.Stat. § 645.02 (1980), does not affect the case at bar.

Wilma Hannah rightly argues that her position is analogous to that of the spouse of an intoxicated person who can recover under the Dram Shop Act even when the intoxicated person cannot. "Although * * one who voluntarily becomes intoxicated cannot recover for his own injury under the Dramshop Act, * * * a spouse, child, or parent may recover for loss of support notwithstanding the injured party or decedent became voluntarily intoxicated." *Ross v. Ross*, 294 Minn. 115, 116 n.2, 200 N.W.2d 149, 150 n.2 (1972) (citation omitted).

Both the intoxicated person and the policeman are barred from recovery because of voluntary acts. We have emphasized that "[i]t is the fact [of the intoxicated person's] voluntary intoxication which bars recovery." *Randall v. Village of Excelsior*, 258 Minn. 81, 84, 103 N.W.2d 131, 133 (1960). Similarly, the fireman's rule is founded on the idea of voluntariness. The rule "finds its clearest application in situations * * * [where] a person who, fully aware of the hazard created by the defendant's negligence, voluntarily confronts the risk for compensation." *Walters v. Sloan*, 20 Cal.3d 199, 204, 571 P.2d 609, 612, 142 Cal.Rptr. 152, 155 (1977).

■ The spouse of an intoxicated person who is injured may recover under the Dram Shop Act because she is viewed as an innocent third party who did nothing to contribute to the injury. *Jones v. Fisher*, 309 N.W.2d 726, 728 (Minn.1981). Wilma Hannah also is an innocent third party. She is no more responsible for her husband's voluntary assumption of risk than is the wife of the intoxicated person responsible for his voluntary act.

■ Respondent contends that allowing Wilma Hannah's claim would result in a double recovery. We disagree. The wife of an intoxicated injured person can recover under the Dram Shop Act even when the injured person is collecting under a policy of insurance. *State Farm Mutual Automobile*

*Insurance Co. v. Village of Isle*, 265 Minn. 360, 122 N.W.2d 36 (1963). We concluded in *Village of Isle* that the wife's means of support had been "substantially damaged by reason of the injuries and disabilities suffered by her husband." *Id.* at 365, 122 N.W.2d at 40.

We will examine a claim very carefully, however, to determine whether, in fact, the spouse has been damaged in her means of support as a result of the breadwinner's injury. The Eighth Circuit was cognizant of our concern about double recoveries [3] when it applied Minnesota law to dismiss a section 340.95 action brought by a wife and three minor children for loss of the care and support of their husband and father. *Campbell v. Village of Silver Bay, Minnesota*, 315 F.2d 568 (8th Cir. 1963). The court reasoned that, since the husband had brought his own section 340.95 claim, which he had settled with the same defendants, the defendants' claim for loss of support was incorporated into his settlement. *Id.* at 574. This is not so in the case at bar where no recovery at all has been made for loss of support.

Respondents have argued that there are strong public policy reasons for denying Wilma Hannah's claim. They take the position that to allow the action is to circumvent the purpose of the fireman's rule and the effects of *Hannah I*, since Wilma Hannah's recovery would be available to Hannah himself. However, in drafting section 340.95, the legislature has recognized that one spouse has certain independent claims because of injuries to the other spouse. Instead of allowing only the injured person to bring a claim, in which case damages to the spouse's means of support would flow wholly from the loss of earnings, the legislature has chosen to grant the spouse an express cause of action in her own right.

Respondents argue also that, by allowing the spouse an independent cause of action, we will undercut the public policy consider-

---

**3.** We have been particularly careful to guard against double recovery when a surviving dependent asserts claims under both the wrongful death act and the Civil Damage Act. *Fitzer v.*

*Bloom*, 253 N.W.2d 395 (Minn.1977); *Bakke v. Rainbow Club, Inc.*, 306 Minn. 99, 235 N.W.2d 375 (1975).

ation noted in *Hannah I* that "[i]f police officers are allowed to recover under the statute, bar owners might be inhibited from summoning the police for aid in disturbances and, instead, would resort to self-help measures, creating additional risk to the public." 298 N.W.2d at 55. If Hannah's action under section 340.95 were to keep bar owners from summoning the police, a dependent's action might well have the same effect. The legislature, by enacting Chapter 601, § 3, 1982 Minn. Laws, has swept away this policy consideration.

Our decision to allow Wilma Hannah's cause of action advances the general purposes of the Civil Damage Act, which are both penal and remedial in nature: "While the statute serves to punish an offending vendor and deter others from making illegal sales of liquor, it also serves to compensate those who would under ordinary circumstances or other tort principles obtain no recovery for their injuries." *Randall*, 258 Minn. at 84, 103 N.W.2d at 134. It is in keeping with both objectives to allow this cause of action, especially in light of our recognition that "civil damage acts * * * are to be liberally construed *so as to suppress the mischief and advance the remedy.*" *Hahn v. City of Ortonville*, 238 Minn. 428, 436, 57 N.W.2d 254, 261 (1953) (emphasis in original) (footnote omitted).

We hold that the spouse of a police officer injured by an intoxicated person while acting in the line of duty can maintain an action under Minn.Stat. § 340.95 when the fireman's rule banned the police officer from recovery under that statute prior to the effective date of Chapter 601, § 3, 1982 Minn. Laws. We reverse and remand for further proceedings.

Reversed and remanded.

SIMONETT, J., took no part in the consideration or decision of this case.