Jason John **SATHER**, Respondent,

**State of Minnesota Department of Human Services,** Appellant,

v.

**WOODLAND LIQUORS, INC.,** Respondent.

No. C3–98–2392.

Court of Appeals of Minnesota.

July 13, 1999.

Review Denied Sept. 14, 1999.

**15.** *Id.* at 267 (quoting *Nygaard v. State Farm Mut. Ins. Co.,* 301 Minn. 10, 18–19, 221 N.W.2d 151, 156 (1974)).

**16.** *See id.* at 267.

Robert Falsani, Duluth, for respondent Jason John Sather.

Mike Hatch, Attorney General, Mehmet K. Konar–Steenberg, Assistant Attorney General, St. Paul, for appellant.

Tim A. Strom, Hanft, Fride, O'Brien, Harries, Swelbar & Burns, P.A., Duluth, for respondent Woodland Liquors, Inc.

Considered and decided by RANDALL, Presiding Judge, DAVIES, Judge, and G. BARRY ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge

Appellant challenges the district court's dismissal of its suit for failure to state a claim. Because appellant's subrogated right to recover damages for the medical assistance provided is prohibited by the Dramshop Act, we affirm.

## FACTS

Since this case arises from the dismissal of a complaint for failure to state a claim, we accept appellant's description of the facts as true. *D.A.B. v. Brown*, 570 N.W.2d 168, 170 (Minn.App.1997) (reviewing court considers as true the complaint's factual allegations).

Respondent-plaintiff Jason Sather and appellant Minnesota Department of Human Services brought a dramshop action against respondent Woodland Liquors, Inc. Sather sued for personal injuries from an accident after respondent illegally sold alcohol to him. Appellant sued for medical payments made to Sather. The district court granted respondent's motion to dismiss both actions for failure to state a claim. On appeal, appellant Department of Human Services asserts that it should be able to file a direct, independent cause of action against respondent for damages sustained from respondent's illegal sale. Appellant has nominally designated Sather

as a respondent because he did not appeal the dismissal of his claims.

Prior to his accident, Sather had been drinking at respondent's establishment despite the fact that he was less than 21 years old and intoxicated at the time. Thereafter, Sather was struck by a vehicle and suffered multiple fractures as well as damage to his left knee.

Because Sather was unable to pay for his medical costs and did not have medical insurance, appellant paid for Sather's costs through Minnesota's Medical Assistance (MA) program. The MA program guarantees payment of medical services for needy persons who are unable to meet the costs of such care. *See* Minn.Stat. § 256B.01 (1998).

In March 1998, appellant brought this suit against the bar to recover assistance money it had spent on Sather's medical care. Appellant's suit alleged that respondent illegally sold alcohol to Sather and that the resulting intoxication contributed to injuries that, in turn, caused appellant's damages.

The district court dismissed appellant's suit upon respondent's motion for failure to state a claim. *See* Minn. R. Civ. P. 12.02(e). The court rejected Sather's suit because an intoxicated person is not entitled to a dramshop action. The court rejected appellant's suit because appellant's third-party right to a dramshop action depended on Sather's rights.

### ISSUE

Does appellant's complaint set forth a legally sufficient claim under the Dramshop Act?

### ANALYSIS

■ In reviewing a case dismissed for failure to state a claim, the only question before this court is whether the complaint sets forth a legally sufficient claim for relief. *Elzie v. Commissioner .of Pub. Safety*, 298 N.W.2d 29, 32 (Minn.1980).

This court exercises de novo review of such dismissal. *Id.*

■ Appellant's complaint states that it suffered pecuniary loss in payment for medical care spent on injuries caused by Sather's intoxication, which resulted from the illegal sale of alcoholic beverages by respondent, a licensed vendor. Appellant asserts that its suit exists as an independent claim under Minnesota's Dramshop Act. The district court dismissed appellant's action, explaining that appellant did not qualify as a potential claimant under the Dramshop Act.

■ While appellant's claim is made under the Dramshop Act, *see* Minn.Stat. § 340A (1998), it also requires application of the Medical Assistance Act. *See* Minn. Stat. § 256B (1998). Because statutory construction is a question of law, we exercise de novo review of the legal issues underlying this case. *Watson v. United Services Auto. Ass'n*, 566 N.W.2d 683, 688 (Minn.1997).

The Civil Damage Act, or Dramshop Act, was enacted by the legislature to preempt all remedies available for claims arising from the improper sale of intoxicating liquor. *See, e.g., Robinson v. Lamott*, 289 N.W.2d 60, 65 (Minn.1979). The spirit of the Dramshop Act is both remedial and penal. *Lefto v. Hoggsbreath Enterprises, Inc.*, 581 N.W.2d 855, 857 (Minn.1998). The general purpose of the Dramshop Act, is

> "to punish an offending vendor and deter others from making illegal sales of liquor, [and] it also serves to compensate those who would under ordinary circumstances or other tort principles obtain no recovery for their injuries."

*Hannah v. Chmielewski*, 323 N.W.2d 781, 784 (Minn.1982) (quoting *Randall v. Village of Excelsior*, 258 Minn. 81, 84, 103 N.W.2d 131, 134 (1960)).

The liability provisions of the Act are as follows:

> A spouse, child, parent, guardian, employer, or other person injured in per-

son, property, or means of support, or who incurs other pecuniary loss by an intoxicated person or by the intoxication of another person, has a right of action in the person's own name for all damages sustained against a person who caused the intoxication of that person by illegally selling alcoholic beverages.

Minn.Stat. § 340A.801, subd. 1 (1998). Appellant argues that it qualifies as an "other person" under subdivision 1. Appellant's claim to an independent cause of action as an "other person" is an issue of first impression. Yet we are not without guiding case law.

■ The Dramshop Act imposes strict, as opposed to absolute, liability. *Hannah v. Jensen*, 298 N.W.2d 52, 54 (Minn.1980). The supreme court has explained that only independent, not derivative, claims are allowed under the Dramshop Act. *Chmielewski*, 323 N.W.2d at 782.

■ Our analysis, and ultimate denial, of appellant's claim begins with recognition that a voluntarily intoxicated individual is barred from recovery under subdivision 1. *See, e.g., Chmielewski*, 323 N.W.2d at 783. In contrast, third persons are protected under the Act through liberal interpretation " 'so as to suppress the mischief and advance the remedy.' " *Lefto*, 581 N.W.2d at 857 (quoting *Herrly v. Muzik*, 374 N.W.2d 275, 278 (Minn.1985)). Such liberal construction is not without limitations, however, and the Act " 'is to be strictly construed in the sense that it cannot be enlarged beyond its definite scope.' " *Id.* (quoting *Herrly*, 374 N.W.2d at 278).

In reaching our decision, we note that the scope of the Act was not to provide a method of recovery for state agencies that provide health benefits for the needy and indigent.

Appellant is empowered by the Medical Assistance Act, which the legislature fashioned to provide medical assistance to the "needy." *See* Minn.Stat. § 256B.01 (1998). Appellant argues that, because it is required to provide such assistance, it has suffered damages independent of Sather's injuries. Appellant rests its claim on the conclusion that it qualifies as an "other person" under section 340A.801, subdivision 1. Appellant justifies this conclusion by reference to Minn.Stat. § 645.44, subd. 7 (1998), which includes political bodies in the general definition of a "person." Yet appellant's assertion ignores prevailing case law and the precise meaning applied by courts to the legislature's language. In particular, appellant fails to satisfy the fundamental requirement of "other person"—the "innocent-third-party" standard.

■ In determining the availability of a dramshop action in similar claims while defining "innocent third party," courts have analyzed the interests and identities of the parties. The private insurer of an intoxicated individual does not have a dramshop claim against a vendor. *See, e.g., Empire Fire & Marine Ins. Co. v. Williams*, 265 Minn. 333, 338, 121 N.W.2d 580, 584 (1963). The supreme court has barred such claims because the contractual relationship between the insurer and insured requires the insurer to stand in no better position than the insured. *Id.* at 335–36, 121 N.W.2d at 582–83. Thus, based on the insurer's right of subrogation, the insurer does not qualify as an "innocent third party" because the intoxicated insured may not recover under the Dramshop Act.

The *Empire* court adopted a narrow interpretation of the phrase "other person." *Id.* at 335, 121 N.W.2d at 582. Employing the principle behind *ejusdem generis,* as codified at Minn.Stat. § 645.08, subd. 3 (1998) ("[g]eneral words are construed to be restricted in their meaning by preceding particular words"), the court focused interpretation of "other person" to within the same general classification as "husband, wife, child, parent, guardian, employer" enumerated in section 340A.801, subd. 1. *Id.* (discussing predecessor Minn. Stat. § 340.95 (1991)).

.

Recently, the supreme court again took up the meaning of "other person." In *Lefto*, the court elaborated on the definition of "other person," explaining that the phrase "refers to *any* other person injured by the intoxication of another [who] played no role in causing the intoxication." 581 N.W.2d at 857. We reject appellant's attempt to secure refuge behind the seemingly broad language of *Lefto*. *Lefto* is consistent with previous case law in that the claimants must still satisfy the "innocent-third-person" standard. *Id.*

We reject appellant's claim to an independent right of recovery. Like *Empire*, appellant fails to qualify as an "innocent" third party. With regard to subrogation rights, the statutory framework that requires appellant to provide benefits to the needy is strikingly similar to private insurance on the subject of subrogation. The legislature provides that in return for assistance, the state "shall have a lien for the cost of the care upon any and all causes of action * * * which accrue to the person to whom the care was furnished." Minn.Stat. § 256B.042, subd. 1 (1998); *see also Lundberg by Lundberg v. Jeep Corp.*, 582 N.W.2d 268, 272 (Minn.App.1998) (previously analyzing similar subrogation rights). The Act also stipulates that appellant has a right of subrogation against persons, private insurers, or claims that have an obligation to the injured party for whom appellant has paid benefits that arise from an accident or occurrence. Minn.Stat. § 256B.37, subd. 1 (1998).

The legislature limited appellant's recovery rights in both Minn.Stat. §§ 256B.042, subd. 1, and 256B.37, subd. 1, and how that right shall be exercised through the attorney general, *see* Minn.Stat. §§ 256B.042, subd. 3, 256B.37, subd. 2 (1998). Moreover, the legislature provided for the initiation and prosecution of "independent" claims but defined those claims as dependent on the indemnity interests of the insured. Minn.Stat. § 256B.042, subd. 3. Because the legislature provided elaborate mechanisms for appellant to recover for

assistance paid, which explicitly relies on a right of subrogation, appellant is prohibited from recovery under the Dramshop Act. If the legislature had wished to provide for appellant to recover under the present circumstances, it could have done so. But the present statutory framework, in fact, bars appellant's recovery. Because appellant's claim rests on Sather's recovery right, or lack thereof, appellant is denied a dramshop action against respondent.

## DECISION

The district court properly dismissed appellant's complaint for failure to state a claim because it fails to qualify as an "other person" for the purpose of recovery under the Dramshop Act.

**Affirmed.**