EMPIRE FIRE & MARINE INSURANCE COMPANY v. ROGER
WILLIAMS AND ANOTHER, d.b.a. PEARSON'S PLACE.

121 N. W. (2d) 580.

May 10, 1963—No. 38,645.

334

*Schermer & Gensler,* for appellant.

*Reavill, Jenswold, Neimeyer & Johnson,* for respondents.

*Gordon Rosenmeier* and *John E. Simonett,* for Lee Mueller, d.b.a. Lee's Bar and Cocktail Lounge, amicus curiae.

THOMAS GALLAGHER, JUSTICE.

The sole issue for determination here is whether an insurer of an intoxicated motorist involved in an automobile accident may bring action under Minn. St. 340.95 (known as the Civil Damage Act) against a licensed on sale tavern owner, causing the insured's intoxication, for sums which insurer has paid in settlement of claims against the insured arising out of the accident. Section 340.95 provides that:

"Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling * * * intoxicating liquors, caused the intoxication of such person, for all damages, sustained; * * *."

Plaintiff, Empire Fire & Marine Insurance Company, issued an automobile liability policy to Ralph B. Snyder covering his liability for any damages arising out of the operation of his motor vehicle. On April 23, 1957, defendants, Roger Williams and Barbara Bouchard, doing business as Pearson's Place in Minneapolis, a licensed on sale liquor bar, sold intoxicating liquor to Snyder while he was obviously intoxicated in violation of § 340.14, subd. 1.[1] As a result, Snyder became involved

---

[1]Minn. St. 340.14, subd. 1, provides in part: "No intoxicating liquor shall be sold, furnished, or delivered for any purpose to any person under the age of 21 years or to a habitual drunkard or to any person obviously intoxicated

in an automobile accident wherein Anna Chovanec, John Chovanec, and Anna G. Chovanec sustained personal injuries. Thereafter, plaintiff paid the Chovanecs $2,600 in discharge and settlement of Snyder's legal liability to them. It is not disputed that such settlement was fair and reasonable and providently made in compliance with the terms of the policy.

Subsequently, plaintiff commenced this action against the defendants under § 340.95 to recover the amounts which it had paid. Based upon the facts as set forth above, defendants moved for summary judgment on the ground that plaintiff was not a party authorized to sue under § 340.95. This motion was granted, and in a memorandum attached to its order, the trial court stated:

"* * * In order to bring an action under this statute [§ 340.95], the plaintiff must qualify within the term 'other person'. The principle of ejusdem generis precludes extension of the term 'other person' beyond the class or classes specifically enumerated. There is no indication that the Legislature intended 'other person' to include an insurance carrier as coming within the same general classification as 'husband, wife, child, parent, guardian, employer.'

"* * * It is well settled in this state that neither the common law nor the civil damage statute gives one a right to recover for injury sustained as the result of his own voluntary intoxication. In the case of Randall v. Village of Excelsior, 258 Minn. 81, 103 N. W. 2d 131, the Minnesota Supreme Court said:

" 'The Civil Damage Act does not create a cause of action in favor of one injured by his own intoxication. Only an innocent third person who is injured as a result of the intoxication of another is entitled to its benefits.'

"An insurance company, in exchange for a contract with an insured, accepts money premium payments with the full knowledge that its insured may become intoxicated and injure someone thus causing the company to suffer a monetary loss of injury. To allow the plaintiff in-

___

or to any of the persons to whom sale is prohibited by statute or by reason of sale to whom a penalty is provided by statute, * * *."

surance company, except by legislative action, to stand in a better position than its insured would be to let the plaintiff have its cake and eat it too."

■ It seems clear that whatever rights plaintiff may have against defendants under § 340.95 must arise by virtue of its position as subrogee to the rights of its insured, whose intoxication was the proximate cause of the accident and damages for which plaintiff made compensation.[2] Standard policy provisions, and well-established legal principles with respect to subrogation, permit an insurer to be subrogated to all rights of its insured but no more. United States v. Munsey Trust Co. 332 U. S. 234, 67 S. Ct. 1599, 91 L. ed. 2022; Buell v. United Firemen's Ins. Co. 167 Minn. 183, 208 N. W. 819; Morris v. Blossom, 181 Minn. 71, 231 N. W. 397. This principle is expressed in 50 Am. Jur., Subrogation, § 110, as follows:

"A subrogee * * * occupies the position of the party for whom he is substituted, and succeeds to the same *but no greater rights.* He cannot acquire any claim, security, or remedy which the creditor did not have. Moreover, the rights, claims, and securities to which he succeeds are taken subject to the *limitations, burdens, and disqualifications* incident to them in the hands of the party to whom he is subrogated." (Italics supplied.)

In United States v. Munsey Trust Co. 332 U. S. 234, 242, 67 S. Ct. 1599, 1603, 91 L. ed. 2022, 2029, the United States Supreme Court recognizes the limitations of a subrogee in the following language:

"* * * it is elementary that one cannot acquire by subrogation what another whose rights he claims did not have. * * * One who rests on subrogation stands in the place of one whose claim he has paid, as if the payment giving rise to the subrogation had not been made. See Aetna Life Insurance Co. v. Middleport, 124 U. S. 534, 548. He cannot jump back and forth in time and present himself at once as the un-

---

[2]Defendants are not joint tortfeasors with the insured. Ritter v. Village of Appleton, 254 Minn. 30, 93 N. W. (2d) 683; Schmidt v. Driscoll Hotel, Inc. 249 Minn. 376, 82 N. W. (2d) 365.

paid claimant and again, under the conditions as they have changed, because payment was made."

■ Accordingly, it is clear that in the instant case plaintiff possesses no greater right of action against defendants than does Snyder, its insured. That the latter, because of his voluntary intoxication, has no cause of action is well established. Randall v. Village of Excelsior, 258 Minn. 81, 103 N. W. (2d) 131; Cavin v. Smith, 228 Minn. 322, 37 N. W. (2d) 368. The basis for this rule is set forth in the Randall case as follows (258 Minn. 83, 103 N. W. [2d] 133):

"* * * The Civil Damage Act does not create a cause of action in favor of one injured by his own intoxication. * * * neither the common law nor the Civil Damage Act gives plaintiff a right to recover for injury sustained as a result of his voluntary intoxication, * * *.

"* * * It is the fact of his voluntary intoxication which bars recovery. * * *

"* * * Had the legislature intended to give a person whose voluntary intoxication is the proximate cause of his injury a remedy unknown to the common law, it may be expected that it would have clearly done so."

■ Plaintiff asserts, however, that because § 340.95 includes among those enumerated as entitled to recover thereunder an "other person," this in itself sustains its right of action herein. But had plaintiff not issued its policy to Snyder, certainly it could not have qualified as an "other person" under the statute. Its sole right of recovery is dependent upon its right of subrogation under such policy, and, as indicated above, this extends to it no greater rights than those of the insured therein. Since the latter had no rights against defendants, it must follow here that the insured would not fall within the legislative classification of "other person" sustaining damages because of the insured's intoxication. In substance its legal entity is identical to that of the insured and as such it has no greater rights than the latter.

■ Our decision here is not inconsistent with that of the court in Village of Brooten v. Cudahy Packing Co. (8 Cir.) 291 F. (2d) 284. There an insurer of the employer of an automobile driver whose intoxication was the proximate cause of an accident for which the insurer

became obligated was held subrogated to the rights of such employer under § 340.95 since an "employer" was included in the legislative designation of parties entitled to recovery under the act. There the court stated (291 F. [2d] 298):

"* * * Cudahy [the insured employer] was the employer of Raeker [the employee]. It would seem, therefore, that Cudahy clearly qualifies as a plaintiff, through the word 'employer', as one of the group intended by the Legislature to be beneficiaries of the Civil Damage Act. * * * we realize that one could argue that the employer contemplated by the statute is the employer of an innocent third person rather than the employer of an intoxicated vendee. We find no authority, however, which takes so narrow an approach. There is obviously no question that the wife, child and parent named as beneficiaries in the statute refer to persons who hold that relationship to an intoxicated vendee. We therefore readily conclude that the trial court's holding that Cudahy was an employer within the terms of the Minnesota Act was a permissible one."

In the instant case plaintiff does not proceed as a subrogee of an employer but rather as the subrogee of a tortfeasor unauthorized to proceed under § 340.95.

The judgment appealed from is affirmed.

MR. JUSTICE SHERAN, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.