FORD v WAGNER

Docket No. 86320. Submitted March 11, 1986, at Detroit. Decided July 21, 1986. Leave to appeal denied, 426 Mich 877.

Plaintiffs, Lesley Ford and Richard Robinson, brought an action in the Wayne Circuit Court against defendants, Michelle Wagner, and Leonard Herman and Nathan Harris, doing business as Novi Lanes, for damages resulting from injuries received by Lesley Ford when her vehicle was struck by a vehicle driven by Michelle Wagner. The trial court, John H. Gillis, Jr., J., thereafter granted an order of dismissal in regard to the claim of Richard Robinson for loss of consortium. Such claim was based on allegations of negligence against defendant Wagner and on violation of the dramshop act by the remaining defendants. The facts indicate that the plaintiffs are not legally married. Richard Robinson appeals from the order of dismissal. *Held:*

1. A man who lives with a woman without the benefit of a legal marriage does not have a right of action for loss of consortium under the dramshop act or at common law.

2. A relationship which does not meet the statutory requirements for a legal marriage does not give rise to property rights, personal rights, or rights of support.

Affirmed.

1. Husband and Wife — Loss of Consortium — Unmarried Couples — Dramshop Act — Common Law.

A man who lives with a woman without the benefit of a legal marriage does not have a right of action for loss of consortium under the dramshop act or at common law (MCL 436.22[5], 551.2; MSA 18.993[5], 25.2).

References

Am Jur 2d, Husband and Wife §§ 447-458.

Am Jur 2d, Intoxicating Liquors § 561 *et seq.*

Am Jur 2d, Marriage §§ 42-61.

Action for loss of consortium based on nonmarital cohabitation. 40 ALR4th 553.

See also the annotations in the ALR3d/4th Quick Index under Civil Damage Act.

2. INTOXICATING LIQUORS — DRAMSHOP ACT — WORDS AND PHRASES — "OTHER PERSON".

> The term "other person" who has been "injured in person, property, means of support, or otherwise" contained in the provision of the dramshop act providing for a cause of action under the act does not include any person who has no legal relationship, past or present, to the injured person (MCL 436.22[5]; MSA 18.993[5]).

3. HUSBAND AND WIFE — LEGAL RIGHTS.

> Rights accrue as a result of a legal marriage which complies with the statutory criteria relating thereto; legal rights do not accrue based upon a relationship which does not meet the statutory criteria of a marriage license and ceremony (MCL 551.2; MSA 25.2).

4. HUSBAND AND WIFE — COMMON-LAW MARRIAGES.

> Common-law marriages are valid in Michigan only if contracted before January 1, 1957 (MCL 551.2; MSA 25.2).

*Wayne J. Miller* and *Sherle Rubin,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Frank W. Brochert* and *Deanna E. Hazen*), for Michelle Wagner.

*Kaufman & Payton* (by *Stephen R. Levine*), for Leonard Herman and Nathan Harris, doing business as Novi Bowl.

Before: BRONSON, P.J., and R. B. BURNS and J. E. TOWNSEND,* JJ.

J. E. TOWNSEND, J. Richard Robinson (hereafter plaintiff) appeals from an order of the Wayne Circuit Court entered on June 26, 1985, which dismissed his claim for loss of consortium, which sounded in negligence against defendant Wagner and for violation of the dramshop act by defendants Leonard Herman and Nathan Harris, doing business as Novi Lanes.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff's first amended complaint alleged that defendants Leonard Herman and Nathan Harris, doing business as Novi Lanes, at their place of business in Northville, Michigan, served defendant Michelle Wagner intoxicants after she was visibly intoxicated, and that defendant Wagner at about 9:53 P.M. on August 9, 1983, negligently drove her motor vehicle across the center line of Eight Mile Road and struck a vehicle being driven by plaintiff Lesley Ford, causing serious impairment of body function, pain, suffering, medical expenses and lost earnings to Lesley Ford.

Although paragraph 1 of plaintiff's complaint and first amended complaint alleged that plaintiffs Ford and Robinson were husband and wife, the trial court considered deposition testimony that plaintiffs Ford and Robinson were not in fact legally married, and Robinson's attorney in oral arguments on appeal conceded that plaintiffs Ford and Robinson were not in fact legally married.

There was and is no genuine dispute as to such material fact.

Thus, the substantive issue squarely posed is whether a man who lives with a woman without benefit of a legal marriage enjoys a right of action for loss of consortium under the dramshop act or at common law.

MCL 436.22(5); MSA 18.993(5) provides in relevant part as follows:

> A wife, husband, child, parent, guardian, or other person injured in person, property, means of support, or otherwise, by a visibly intoxicated person by reason of the unlawful selling, giving, or furnishing of intoxicating liquor to the person, if the sale is proven to be a proximate cause of the injury or death, shall have a right of action in his or her name against the person who by the selling, giving, or furnishing the liquor has caused or

contributed to the intoxication of the person or who has caused or contributed to the injury.

Plaintiff Richard Robinson asserts that he qualifies as an "other person" who has been "injured in person, property, means of support, or otherwise" and relies upon the case of *Brannstrom v Tippman,* 141 Mich App 664; 367 NW2d 902 (1985), lv den 422 Mich 978 (1985), and other cases giving a liberal interpretation to the statutory language in question.

One of the persons held entitled by the *Brannstrom* Court to advance a claim under the statute was the divorced wife of the decedent who, with their children, was living together with the decedent as a family at the time of his death. Decedent and his ex-wife has a continuing joint legal duty to support their children and a continuing right to child support, which joint duties and rights recognized by law resulted from their legal marriage and survived their divorce.

We are aware of no Michigan case which includes in the group of statutory claimants any persons who had no legal relationship, present or past, to the injured person. An expansion of the benefited class to persons who have no legal relationship to the injured person, and with no obvious limits to the expanded class, should occur only as the result of clear legislative mandate.

The rule of statutory construction known as *"ejusdem generis"* seems particularly appropriate in this case. The general term "other person" properly is limited to those persons who, like the specific categories of claimants listed, had a legal relationship to the injured person. The existence of a legal relationship constitutes a special characteristic common to each category listed in the class.

The term "injured" is not defined in the statute.

To find plaintiff Robinson to be injured in property or support presupposes the existence of a right in plaintiff Robinson or of a duty by defendants with respect to plaintiff Robinson. If plaintiff Robinson had no legal property rights or support rights enforceable against or derivative from plaintiff Ford, plaintiff Robinson could suffer no injury from defendants' interference with such nonexistent rights.

Rights accrue as the result of a legal marriage which complies with MCL 551.2; MSA 25.2. No legal rights accrue based upon a relationship which does not meet the statutory criteria of a marriage license and ceremony.

We conclude that plaintiff Robinson possessed no legal rights as to plaintiff Ford and, hence, that no legal injury could occur. Plaintiff Robinson has no cause of action pursuant to the dramshop statute.

Plaintiff Robinson urges that this Court permit him to advance a claim for common-law consortium. To do so would be tantamount to judicial recognition of common-law marriages in the face of the provisions of MCL 551.2; MSA 25.2, which abolished legal recognition of the validity of common-law marriages contracted from and after January 1, 1957.

A panel of this Court in the case of *Carnes v Sheldon,* 109 Mich App 204; 311 NW2d 747 (1981), rejected the opportunity to give special legal status to claims by a "common-law marriage" participant, stating on pages 211, 216 and 217 in part as follows:

By statutory enactment in Michigan, common-law marriages are valid only if contracted before January 1, 1957. MCL 551.2; MSA 25.2. *People v*

*Stanford,* 68 Mich App 168; 242 NW2d 56 (1976). Since that time, Michigan has refused to recognize such marriages with the result that the property rights afforded a legally married couple have not been extended to those engaged in meretricious relationships. Michigan has also abolished the civil cause of action for breach of contract to marry. MCL 551.301; MSA 25.191.

We are of the opinion that public policy questions of such magnitude are best left to the legislative process . . . [W]e are unwilling to extend equitable principles to the extent plaintiff would have us do so, since recovery based on principles of contracts implied in law essentially would resurrect the old common-law marriage doctrine which was specifically abolished by the Legislature.

In conclusion, we concur with the trial judge's ruling that judicial restraint requires that the Legislature, rather than the judiciary, is the appropriate forum for addressing the question raised by plaintiff. We believe a contrary ruling would contravene the public policy of this state "disfavoring the grant of mutually enforceable property rights to knowingly unmarried cohabitants."

Such reasoning is highly persuasive as to the current status of Michigan law on the subject. A relationship which does not meet the statutory requirements for a legal marriage does not give rise to property rights, personal rights, or rights to support.

A review of the record satisfies us that the procedure followed in granting defendant Wagner's motion for summary disposition made at the oral hearing met the requirements of MCR 2.119(A)(1). The circuit court's judgment of dismissal as to plaintiff Richard Robinson is affirmed.

Affirmed.