**David M. GROSS, Appellant,**

v.

**GENERAL CASUALTY INSURANCE COMPANY, Respondent.**

No. C0-88-2381.

Court of Appeals of Minnesota.

April 10, 1989.

April 18, 1989.

Review Denied June 21, 1989.

Michael R. LaFleur, Corrick & Sondrall, Robbinsdale, for appellant.

Karen Melling van Vliet, Arthur, Chapman & McDonough, P.A., Minneapolis, for respondent.

Heard, considered and decided by HUSPENI, P.J., and CRIPPEN and IRVINE *, JJ.

## OPINION

HUSPENI, Judge.

Appellant, David M. Gross, alleges that the trial court erred in denying his motion to compel arbitration with respondent General Casualty Insurance Company, and urges that because he paid separate uninsured motorist premiums to separate uninsured motorist carriers, he should be allowed to compel arbitration despite his previous full recovery from another insurer. We affirm.

## FACTS

The facts of this matter are not disputed. On May 22, 1984, while on his motorcycle, appellant collided with an uninsured motorist. American Family Insurance Company (American Family) insured the cycle. $100,000 of uninsured motorist coverage was included in the policy covering the cycle. Appellant also had automobile insurance with respondent which included uninsured motorist coverage. Appellant paid separate premiums to each company and both policies were in effect at the time of the collision.

On January 12, 1988, appellant informed respondent that he would be entering arbitration with American Family regarding damages sustained in the 1984 accident. That arbitration resulted in an award of $50,000 to appellant as full compensation for all bodily injuries resulting from the accident. In addition, appellant had already received certain nominal monies from American Family, and released all claims against that insurer. American Family was also subrogated to appellant's claims against the uninsured motorist, and was aware that appellant had uninsured motorist coverage provided by respondent.

Respondent did not participate in the arbitration, nor has American Family made any claim of contribution against respondent. When appellant sought a separate

recovery from respondent, respondent denied any obligation to pay, claiming that under the rule of *Integrity Mutual Insurance Co. v. State Automobile and Casualty Underwriters Insurance Co.*, 307 Minn. 173, 239 N.W.2d 445 (1976), respondent's policy provided only excess coverage, that American Family was the "primary insurer," and that appellant had been fully compensated by the arbitration award. Appellant's subsequent motion to compel arbitration between himself and respondent was denied.

## ISSUE

Did the trial court err in denying appellant's motion for arbitration with respondent after prior arbitration with a third party insurance company fully compensated appellant for his damages?

## ANALYSIS

■ Appellant does not dispute that the arbitration award from American Family fully compensated him for his injuries. Instead, he argues he is entitled to double recovery because he paid separate premiums to separate uninsured motorist carriers, that these premiums resulted in uninsured motorist coverage beyond that required by law, and therefore that the trial court erred in denying the motion to compel arbitration with respondent. We disagree.

■ In Minnesota, all motor vehicle insurance policies are required to include uninsured motorist coverage, *see* Minn. Stat. § 65B.49, subd. 4(1) (1982). "[U]ninsured motorist protection is not coverage for vehicles but for persons." *Integrity*, 307 Minn. at 177–78 n. 3, 239 N.W.2d at 448 n. 3. Thus, parties who have multiple motor vehicle insurance policies and are injured by an uninsured motorist

> can look for coverage * * * to those insurance policies under which they are insureds, * * * whether or not their injuries are related to vehicles covered under those policies.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

*Doerner v. State Farm Mutual Auto Insurance Co.,* 337 N.W.2d 394, 396 (Minn. 1983). Therefore, both of appellant's insurance policies are potentially available to him as a result of his accident.

The supreme court has stated that uninsured motorist coverage "is in effect a substitute for [the] insurance that the tortfeasor should have had." *Van Tassel v. Horace Mann Insurance Company,* 296 Minn. 181, 189, 207 N.W.2d 348, 353 (1973). As such, that coverage

> should result in the policyholder's receiving what he paid for on each policy, *up to the full amount of his damages.*

*Id.* at 187, 207 N.W.2d at 352 (emphasis added).

■ A basic premise of insurance law is that a double recovery is generally to be avoided. This is consistent with the supreme court's declaration that:

> the overall purpose of the uninsured-motorist coverage statute was to provide policyholders * * * recovery for personal injuries but *only to the extent necessary to permit the insured to recover his actual loss and not to such an extent that he would recover more than that loss.*

*Milbank Mutual Insurance Co. v. Kluver,* 302 Minn. 310, 313, 225 N.W.2d 230, 232 (1974) (emphasis added). *See also* Minn. Stat. §§ 65B.47, subd. 5; 65B.42(2), (5) (1982).

Appellant argues that because he already had uninsured motorist coverage under his policy with respondent, his uninsured motorist coverage through American Family was not required by Minn.Stat. § 65B.49, was essentially "optional" additional insurance, and therefore he should be allowed recovery both under the required and the "optional" insurance coverages. Citing *Wallace v. Tri–State Insurance Co.,* 302 N.W.2d 337 (Minn.1980) and *Brunmeier v. Farmers Insurance Exchange,* 296 Minn. 328, 208 N.W.2d 860 (Minn.1973), appellant contends that

> [Minnesota] courts have consistently held that mandated first party coverages should not be defeated merely because

an insured held another policy which also covered the occurrence.

Both appellant's argument regarding "optional" coverages and his reliance on *Wallace* and *Brunmeier* are misplaced. We note initially that in both *Wallace* and *Brunmeier* two different types of insurance were involved. In *Wallace,* there were no-fault and group health insurance, and the *Wallace* court noted that Minn. Stat. § 65B.61, subds. 1 and 3 (1978) allowed recovery of health benefits in addition to no-fault benefits. *Wallace,* 302 N.W.2d at 339–40. *Brunmeier* involved workers' compensation and uninsured motorist coverage. The *Brunmeier* court allowed recovery of both types of benefits, noting that:

> in the ordinary situation, the tortfeasor's liability carrier would have no right to deduct workman's compensation from an award made on behalf of an injured party, as that is strictly a matter between the injured employee and his compensation carrier.

*Brunmeier* at 334, 208 N.W.2d at 864.

■ Regarding the optional nature of his insurance, appellant argues that stacking is applicable only to legislatively mandated coverages and that the combination of uninsured motorist coverages here results in "optional" coverage, and therefore recovery should be permitted against both of his policies. We disagree and observe that appellant seems to misread the legislative provisions regarding uninsured motorist coverage. Minnesota statutes require that each automobile insurance *policy* include this type of coverage. Minn.Stat. § 65B.49, subd. 4 (1982). Certainly, uninsured motorist coverage is first party coverage and, as such, follows the person, but respondent would have this court interpret the statutes to require merely that each *driver* have such coverage. Under the construction of the statute urged by appellant, any uninsured motorist coverages beyond that provided in an initial policy would be "optional." We cannot agree with appellant's proffered interpretation. The statutes do not equate the driver with the policy and neither can we. Appellant had

two vehicles insured by two insurance policies. Therefore, he was required by statute to have two uninsured motorist coverages.

Having decided that neither of appellant's uninsured motorist coverages is "optional", this court has also analyzed appellant's arguments by construing those arguments as ones in favor of "stacking" the uninsured motorist coverages provided by respondent and American Family. However, "stacking" arguments also must fail.

In order to recover from multiple policies with the same coverage,

> coverages of a given risk shall be "stacked" for payment in the order of their closeness to the risk. * * * If two coverages contemplate the risk equally, then the two companies providing those coverages will prorate the liability between themselves on the basis of their respective limits of liability.

*Integrity*, 307 Minn. at 175–76, 239 N.W.2d at 447. In doing so,

> courts examine the policies and determine whether the insurers are concurrently liable on the risk, or one is primarily liable and another only secondarily liable. * * * [T]he primary insurer must pay up to its limit of liability, *and then* the secondary insurer must pay for any excess up to its own limit of liability.

*Id.* at 175, 239 N.W.2d at 446–47 (emphasis added).

█ If stacking were applicable in this case, American Family's uninsured motorist coverage on appellant's cycle would be primary and respondent's uninsured motorist coverage on appellant's automobile would be secondary or excess. Under *Integrity*, American Family would pay its policy limits and then respondent would be liable for any uncompensated damages up to its policy limits.

Clearly, however, one of the prerequisites for stacking is that

> the injured person must have suffered damages in excess of the limits of one policy; *otherwise, stacking would be unnecessary.*

*Wallace*, 302 N.W.2d at 339 (emphasis added).

The prerequisite is not met in this case. Appellant's total damages do not exceed American Family's uninsured motorist limits. Appellant has been fully compensated for his injuries without need to resort to any uninsured motorist coverage provided by respondent. Stacking is inapplicable to this case. *See Wallace.* However, had appellant's damages been so severe that he needed both uninsured motorist coverages to fully compensate him, both would have been available.

█ Finally, appellant cites the "other insurance" clause of respondent's policy in support of a claim for double recovery. That clause provides:

> If there is other applicable similar insurance we will pay only our share. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

Appellant argues that because he owned his motorcycle at the time of the collision, the policy issued by respondent did not provide "excess" insurance and that double recovery is therefore consistent with this aspect of respondent's policy.

There is no merit in appellant's argument. The "other insurance" clause provides that if each of two or more policies are equally close to the risk (are primary), respondent's obligation would be equal to the percentage of loss that respondent's policy limit bears to the sum of all applicable policy limits. However, the total payment among all primary coverages could not exceed 100% of damages. *See Milbank*, 302 Minn. at 313, 225 N.W.2d at 232. Appellant has already recovered 100% of his damages. Most importantly, respondent's policy is not as close to the risk as is American Family's, and would be secondary or excess coverage, not primary. The "other insurance" clause, therefore, is inapplicable here.

## DECISION

Appellant is not entitled to a recovery from respondent because his damages did not exceed the limits of American Family's uninsured motorist coverage. Neither does the "other insurance" clause of the policy issued by respondent allow it. The trial court did not err in denying respondent's request to compel arbitration.

Affirmed.