Keith **COOLIDGE** and Kyle Coolidge by their parents and natural and legal guardians, Karen **COOLIDGE** and Gordon Coolidge, Appellants,

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, et al., Defendants,**

**C.E.L.L., Inc., d/b/a Herr Schmidt Inn, Respondent.**

No. C6–94–997.

Court of Appeals of Minnesota.

Oct. 18, 1994.

Review Granted Dec. 21, 1994.

**6**

Gary T. LaFleur, Babcock, Locher, Neilson & Mannella, Anoka, for Karen & Keith Coolidge.

Russell H. Crowder, Barna, Guzy & Steffen, Ltd., Minneapolis, for Gordon Coolidge.

Richard A. Lind, Constance L. Hall, Lind, Jensen & Sullivan, Minneapolis, for Respondent.

Considered and decided by KLAPHAKE, P.J., and KALITOWSKI and JONES,* JJ.

## OPINION

KLAPHAKE, Judge.

Appellants Keith and Kyle Coolidge, by their parents, Karen and Gordon Coolidge, appeal the district court's summary judgment determination that pecuniary loss damages are recoverable only in death cases under the Minnesota Civil Damages Act, Minn.Stat. § 340A.801, subd. 1 (1992). Respondent C.E.L.L., Inc. (C.E.L.L.) seeks review of the district court's conclusion that the children's claim of loss of means of support raises genuine issues of material fact. We reverse the court's summary judgment on pecuniary loss, and affirm on the loss of means of support.

## FACTS

Appellants' parents were injured in June 1991 when their motorcycle collided with a car driven by an intoxicated driver. The parents settled their claims against respondent C.E.L.L., owner of the bar alleged to have caused the driver's intoxication, by executing *Pierringer* releases. Appellant children brought this separate action against C.E.L.L. to recover their damages under the

Minnesota Civil Damages Act, Minn.Stat. § 340A.801, subd. 1 (1992).

Respondent moved for summary judgment, contending that the children were not entitled to recover for pecuniary loss or loss of means of support. The district court concluded that pecuniary loss damages were available only in dram shop accidents resulting in a death, and that the children's loss of means of support claim presented a genuine issue of material fact. Both issues have been raised on appeal.

## ISSUES

I. Did the district court erroneously conclude that children whose parents survive a car accident have no action for recovery of pecuniary loss under the Minnesota Civil Damages Act, Minn.Stat. § 340A.801, subd. 1 (1992)?

II. Did the district court properly deny summary judgment where genuine issues of material fact regarding double recovery and loss of means of support existed?

## ANALYSIS

### I.

 The Minnesota Civil Damages Act expressly allows recovery of pecuniary loss damages in dram shop actions:

> A spouse, child, parent, guardian, employer, or other person injured in person, property, or means of support, or who incurs other pecuniary loss by an intoxicated person or by the intoxication of another person, has a right of action in the person's own name for all damages sustained against a person who caused the intoxication of that person by illegally selling alcoholic beverages.

Minn.Stat. § 340A.801, subd. 1. Pecuniary loss damages include loss of aid, advice, comfort, and protection. *Cummins v. Rachner*, 257 N.W.2d 808, 815 (Minn.1977) (defining damages available under Minnesota's Wrongful Death Act).

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

In our de novo review of the Civil Damages Act, we see no ambiguity in the legislature's expression of its intent to create a broad right of action against a person who has caused another's intoxication by illegally selling alcoholic beverages. *See Jadwin v. Minneapolis Star & Tribune Co.,* 367 N.W.2d 476, 483 (Minn.1985) (question of law reviewed de novo). Personal injuries, property damage, loss of means of support, and other pecuniary losses, in short, "all damages sustained," are recoverable against the person illegally selling the alcoholic beverages. Minn.Stat. § 340A.801, subd. 1. Where the words of a statute are clear and free from ambiguity, "the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn.Stat. § 645.16 (1992).

Here, the district court found ambiguity. It reasoned that the term "pecuniary loss," through its application under Minnesota's Wrongful Death Act, related solely to cases involving death. Consequently, it concluded that appellants could not recover for any pecuniary loss under the Civil Damages Act because their parents survived the accident. We disagree.

Minnesota's previously limited use of "pecuniary loss" damages does not create an ambiguity. The term "pecuniary loss" has a common and approved definition, which contains no limitation to "death" cases. *See* Minn.Stat. § 645.08 (1992); *Cummins,* 257 N.W.2d at 815. The statutory context in which the term is found may require such a limitation, *see, e.g.,* Minn.Stat. § 573.02 (1992) (under Wrongful Death Act, action lies only where death has occurred, so recovery is limited to "death" cases), but the Civil Damages Act contains no such limitation. *See id.* § 645.08(1) (rules of statutory construction). Had the legislature intended such a limitation, it could have clearly stated that intent. *See Bundy v. City of Fridley,* 265 Minn. 549, 552, 122 N.W.2d 585, 588 (1963) (court declined to add language to Civil Damages Act).

Even if the legislature's use of the term "pecuniary loss" had given the term a special or technical legal meaning creating an ambiguity, application of the rules of statutory construction would not change our result. *See* Minn.Stat. § 645.16 (1992). First, Minnesota courts have adopted a "generally broad and liberal attitude toward the Civil Damage Act." *Herbes v. Village of Holdingford,* 267 Minn. 75, 83, 125 N.W.2d 426, 431 (1963). The proposed limitation on recovery would be inconsistent with that attitude. Second, the Minnesota Supreme Court has clearly stated that Minnesota's Wrongful Death and Civil Damages Acts are "wholly unrelated both as to scope and purpose." *Beck v. Groe,* 245 Minn. 28, 34, 70 N.W.2d 886, 892 (Minn.1955). Superimposing the Wrongful Death Act's policy on the Civil Damages Act, therefore, is inappropriate. Third, the legislative hearings prior to inclusion of pecuniary loss damages under the Civil Damages Act show no intention to limit recovery to only "death" cases. *See* Hearing on S.F. No. 358 Before the House Committee on Commerce & Economic Dev. (Mar. 2, 1982).[1] It does not follow from legislative discussion of pecuniary loss in death cases that such losses are excluded in non-death cases. Fourth, amendments to the Civil Damages Act do not support the limitation. *See Baune v. Farmers Ins. Exchange,* 283 Minn. 54, 56, 166 N.W.2d 335, 337 (1969) (radical changes in legislation suggest departure in meaning intended). Recently, the legislature added and then deleted a subdivision creating a conclusive presumption of loss in death cases. The clear death limitation in that subdivision was not carried over into the pecuniary loss amendment at issue here. Accordingly, we reverse the district court's summary judgment dismissing appellants' pecuniary loss claims and hold that children whose parents are injured by an intoxicated driver have a right of action for recovery of pecuniary loss damages under the Civil Damages Act. *See Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 422

1. Representative Otis noted a desire to bring the Dram Shop Act "into conformity with" the Wrongful Death Statute. The amendment did bring the types of recovery under the acts into conformity. We see no basis, however, for also bringing the acts' purposes and scopes into conformity.

(Minn.1988) (error in application of law requires reversal).

## II.

 "Means of support" damages are expressly recoverable under the Civil Damages Act. Minn.Stat. § 340A.801. To recover, appellants must establish their

> standard of living or accustomed means of maintenance has been lost or curtailed so that [they have] been reduced to a state of dependence by being deprived of the support which [they] had theretofore enjoyed.

*Bundy*, 265 Minn. at 553, 122 N.W.2d at 588. By definition, the children's loss of means of support is not identical to the parents' lost earnings. Therefore, we are not persuaded by respondent's argument that allowing appellants to claim loss of means of support damages necessarily amounts to a double recovery. Appellants produced adequate facts to survive summary judgment and are entitled to pursue the loss of means of support claim at trial. *See Gross v. General Casualty Ins. Co.*, 438 N.W.2d 378 (Minn. App.1989) (double recovery must be avoided), *pet. for rev. denied* (Minn. June 21, 1989). *See generally* Black's Law Dictionary 441 (5th ed.1979) (double recovery is any recovery over total maximum loss of all parties). Summary judgment on this issue was properly denied. *See, e.g., Clemas v. Northern States Enter., Inc.*, 361 N.W.2d 149, 152 (Minn.App.1985), *pet. for rev. denied* (Minn. Apr. 18, 1985).

## DECISION

Appellants have a right of action to recover pecuniary loss damages and damages for loss of means of support under the Civil Damages Act.

**Affirmed in part, reversed in part and remanded.**