## LINE CONSTRUCTION BENEFIT FUND (LINECO), Appellant,

v.

## Michael W. SKEATES, d/b/a The Villard Office Bar, Respondent.

No. CX–96–2417.

Court of Appeals of Minnesota.

May 27, 1997.

John C. Lervick, Derek A. Trosvig, Swenson, Lervick, Syverson & Anderson, Ltd., Alexandria, for Appellant.

Kevin A. Spellacy, Dyan J. Ebert, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for Respondent.

Considered and decided by PARKER, P.J., TOUSSAINT, C.J., and HUSPENI, J.

## OPINION

TOUSSAINT, Chief Judge.

Appellant Line Construction Benefit Fund (Lineco) challenges the district court's entry of summary judgment in favor of respondent Michael W. Skeates, d/b/a The Villard Office Bar (the Office Bar), arguing that Lineco is a proper plaintiff under Minn.Stat. § 340A.801 (1996) (the Act). Because Lineco is not an "other person" under the Act and is only subrogated to the rights of its insured, a voluntarily intoxicated person who cannot maintain an action under the Act, we affirm.

## FACTS

On January 18, 1994, Jacalyn Palmer consumed intoxicating beverages at the Office Bar. While driving home at about 10:40 p.m., she collided with the side of a moving train and was injured. At 3:40 a.m., a sample of her blood was drawn, showing that she had a blood-alcohol level of 0.15.

At the time of the accident, Jacalyn Palmer was married to Mike Palmer, an employee of Asplundh Tree Expert Co., Inc. All employees of Asplundh Tree were members of Local Union No. 160 of the International Brotherhood of Electrical Workers. A labor agreement between the union and Asplundh Tree required Asplundh Tree to provide health insurance to cover all of its employees and their families. Asplundh provided this insurance through Lineco. Thus, Lineco was Jacalyn Palmer's health and medical insurance provider. Lineco paid the costs of Jacalyn Palmer's medical care, which amounted to $125,820.16.

Lineco brought this lawsuit against the Office Bar under the Act, seeking recovery of medical expenses paid on behalf of Jacalyn Palmer. Lineco alleged that the Office Bar illegally served alcohol to Jacalyn Palmer, resulting in her accident. The Office Bar moved for summary judgment, claiming that Lineco was not a proper plaintiff under the Act. The district court granted the motion, and Lineco appeals.

## ISSUE

■ Is a health and medical insurance provider an "other person" under Minn.Stat.

§ 340A.801, allowing it to bring an action to recoup money paid for an insured's medical expenses?

## ANALYSIS

On appeal from summary judgment, this court asks whether any genuine issues of material fact exist and whether the district court erred in applying the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990). The construction of a statute is a question of law and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

The Act provides:

**Right of action.** A spouse, child, parent, guardian, employer, *or other person* injured in person, property, or means of support, or who incurs other pecuniary loss by an intoxicated person or by the intoxication of another person, has a right of action in the person's own name for all damages sustained against a person who caused the intoxication of that person by illegally selling alcoholic beverages.

Minn.Stat. § 340A.801 (1996). When an intoxicated person causes damages, the Act imposes liability on the liquor dealer who, by illegally selling the intoxicating beverage, caused such intoxication. *Hartwig v. Loyal Order of Moose, Brainerd Lodge*, 253 Minn. 347, 357–58, 91 N.W.2d 794, 802 (1958). The Act gives liquor vendors " 'an extremely effective incentive' " to do everything possible to avoid making illegal sales. *Hollerich v. City of Good Thunder*, 340 N.W.2d 665, 668 (Minn.1983) (quoting *Skaja v. Andrews Hotel Co.*, 281 Minn. 417, 423, 161 N.W.2d 657, 661 (1968)).

Lineco argues that it is a proper plaintiff under the Act because it is an innocent "other person" which has no direct connection to Jacalyn Palmer.[1] Lineco offers the following: Because both "spouse" and "employer" are proper plaintiffs under the Act, and here, Lineco's only connection to Jacalyn Palmer is

1. For purposes of this appeal, we assume that the Office Bar illegally served alcohol to Jacalyn Palmer. *See* Minn.Stat. § 340A.502 (1996) (making it illegal to sell alcoholic beverages to "an obviously intoxicated person"); *Matsushita Elec.*

through Mike Palmer, her "spouse," and through Asplundh Tree, Mike Palmer's "employer," the statute contemplates that Lineco could be an innocent "other person." We are not persuaded by this argument.

Jacalyn Palmer's connection to Lineco does not arise merely because she is a "spouse" and her spouse's "employer" contracted with Lineco for health insurance. Rather, she is a named insured of Lineco, and the fact that her policy with Lineco was initially established through her husband's employer is irrelevant.

*Empire Fire & Marine Ins. Co. v. Williams*, 265 Minn. 333, 121 N.W.2d 580 (1963), is instructive in this case. In *Empire Fire*, the insurer issued an automobile liability policy to Ralph Snyder. *Id.* at 334, 121 N.W.2d at 581. A liquor dealer illegally sold intoxicating liquor to Snyder, and he was involved in a car accident that injured three other people. *Id.* at 334–35, 121 N.W.2d at 581–82. The insurer paid the injured persons to settle Snyder's liability to them and then brought an action against the liquor dealer under the Act. *Id.* 335, 121 N.W.2d at 581–82. The supreme court held that the insurer was not a proper plaintiff under the Act because it was not an "other person." *Id.* at 337, 121 N.W.2d at 583. First, the *Empire Fire* court recited the district court's reliance on the ejusdem generis rule, which states that when general words follow an enumeration of specific and particular persons or things, the:

general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned.

*Black's Law Dictionary* 517 (6th ed.1990); *see also* Minn.Stat. § 645.08(3) (1996) ("[g]eneral words are construed to be restricted in their meaning by preceding particular words"). Quoting the district court, the *Empire Fire* court stated:

*Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1357, 89 L.Ed.2d 538 (1986) (noting that court reviewing summary judgment views facts in light most favorable to non-moving party).

In order to bring an action under this statute * * *, the plaintiff must qualify within the term other person. The principle of ejusdem generis precludes extension of the term "other person" beyond the class or classes specifically enumerated. There is no indication that the Legislature intended "other person" to include an insurance carrier as coming within the same general classification as "husband, wife, child, parent, guardian, employer."

*Id.* at 335, 121 N.W.2d at 582. In *Milbank Mut. Ins. Co. v. Village of Rose Creek*, 302 Minn. 282, 225 N.W.2d 6 (1974), the supreme court confirmed its holding in *Empire Fire*, stating that an "insurer of a voluntarily intoxicated driver was not intended by the legislature to be included within the statutory classification 'other person.'" *Id.* at 286, 225 N.W.2d at 9.

Next, the *Empire Fire* court explained that because the insurer was not an "other person," its sole right of recovery was dependent upon its right of subrogation under the policy. *Empire Fire & Marine Ins. Co. v. Williams*, at 337, 121 N.W.2d at 583. The court noted that the insurer could be subrogated to the same rights as Snyder, but no more. *Id.* at 336, 121 N.W.2d at 582. The court concluded that because Snyder, as a voluntarily intoxicated person, could not bring a claim under the Act, the insurer was likewise precluded from asserting a claim. *Id.* at 337, 121 N.W.2d at 583; *see also Randall v. Village of Excelsior*, 258 Minn. 81, 83, 103 N.W.2d 131, 133 (1960) (holding that the Act does not create cause of action in favor of one injured by his or her own intoxication). This case presents a similar situation. Lineco could be subrogated to the rights of its insured, Jacalyn Palmer, but because she—a voluntarily intoxicated person—cannot maintain an action under the Act, Lineco is likewise precluded from doing so.

We find Lineco's reliance on *Village of Brooten v. Cudahy Packing Co.*, 291 F.2d 284 (8th Cir.1961), to be misplaced. In *Brooten*, a voluntarily intoxicated employee was in an accident during the course of his employment. *Id.* at 286. The employee's employer and the employer's liability insurer settled with the injured parties and asserted claims under the Act against the liquor vendor who served the employee. *Id.* at 287. The court concluded the employer was a specifically enumerated proper plaintiff under the Act and the employer's insurer was also an appropriate plaintiff as an "other person." *Id.* at 298–99. The holding in *Brooten* is not inconsistent with our decision here. In *Brooten*, the insurer was subrogated to the rights of its insured—the employer—who was a proper plaintiff. Here, Lineco proceeds not as a subrogee of an employer or other enumerated proper plaintiff, but rather as a subrogee of a voluntarily intoxicated person. *See Empire Fire*, 265 Minn. at 338, 121 N.W.2d at 584.

Finally, Lineco points to subdivision 4 of the Act, which was added in 1985, well after the *Empire Fire* decision. *See* 1985 Minn. Laws ch. 309, § 12; 1985 Minn. Laws 1st Spec. Sess. ch. 16, art. 2, § 3, subd. 1. It provides:

> **Subrogation claims denied.** There shall be no recovery by any insurance company against any liquor vendor under subrogation clauses of the uninsured, underinsured, collision, or other first party coverages of a motor vehicle insurance policy as a result of payments made by the company to persons who have claims that arise in whole or part under this section.

Minn.Stat. § 340A.801, subd. 4 (1996). Lineco contends that if the legislature had intended to preclude subrogation claims by health and medical insurance companies, it could have included such insurance providers in subdivision 4. We conclude, however, that the legislature's adoption of subdivision 4—dealing with first-party auto insurance benefits—does nothing to alter analysis set forth by the court in *Empire Fire*.

## DECISION

Lineco is not an "other person" under Minn.Stat. § 340A.801. Lineco could proceed in an action against the Office Bar only as a subrogee of Jacalyn Palmer, and because Jacalyn Palmer, a voluntarily intoxicated per-

son, cannot maintain a successful action, neither can Lineco.

**Affirmed.**