Desiree **LEFTO**, individually and as parent and natural guardian for Nicole Lefto, a minor, Respondent,

v.

**HOGGSBREATH ENTERPRISES, INC., Appellant.**

No. C3-97-261.

Court of Appeals of Minnesota.

Aug. 19, 1997.

Review Granted Oct. 21, 1997.

---

Arthur C. Kosieradzki, Sieben, Grose, Von Holtum, McCoy & Carey, Ltd., Logan N. Foreman, III, Minneapolis, for Respondent.

Jerome B. Abrams, Lauris A. Heyerdahl, Abrams & Smith, P.A., Minneapolis, for Appellant.

Considered and decided by SCHUMACHER, P.J., and KALITOWSKI and HOLTAN*, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant Hoggsbreath Enterprises, Inc. challenges the district court's conclusion that a woman and her daughter may recover for loss due to permanent injuries sustained by the woman's fiancé under Minn.Stat. § 340A.801, subd. 1 (1996). We affirm.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

Desiree Carlson and Michael Lefto began living together in his home in August 1988. Carlson's daughter, Nicole, lived with them. Carlson and Michael Lefto pooled their incomes, shared living expenses, and maintained joint checking and Visa card accounts. Although Michael Lefto alone held title to the home, Desiree Carlson and Michael Lefto jointly owned other real estate. Carlson and Michael Lefto were engaged to be married on August 28, 1993.

On August 27, 1993, Hoggsbreath illegally sold alcohol to Don Lieder while he was intoxicated. In the early morning hours of August 28, 1993, Michael Lefto was riding as a passenger in Lieder's car when the car rolled over. Michael Lefto suffered severe and permanent injuries in the accident, including a head injury with secondary cognitive impairment. Hoggsbreath concedes that its illegal sale contributed to the accident and Michael Lefto's injuries.

Following the accident, Michael Lefto did not earn an income. In addition, Carlson and Michael Lefto incurred increased expenses due to his injuries. In order to meet their expenses, Carlson and Michael Lefto sold Michael Lefto's home, his truck, and some of their jointly owned property. According to the stipulated facts, Carlson and her daughter have not received the aid, advice, comfort, and protection from Michael Lefto that they would have received if not for the accident.

Carlson and Michael Lefto married each other sometime after the accident. Carlson took Michael Lefto's last name on March 26, 1994, and he legally adopted Nicole on March 9, 1995.

On August 21, 1995, respondent Desiree Lefto, individually, and as parent and natural guardian for Nicole Lefto, a minor, sued Hoggsbreath under Minnesota's Civil Liability Act (dram shop), which provides:

A spouse, child, parent, guardian, employer, *or other person injured in person, property, or means of support, or who incurs other pecuniary loss* by an intoxicated person or by the intoxication of another person, has a right of action in the person's own name for all damages sustained against a person who caused the intoxication of that person by illegally selling alcoholic beverages.

Minn.Stat. § 340A.801, subd. 1 (1996) (emphasis added).

The parties filed cross-motions for summary judgment on the issue of whether Lefto and her daughter are entitled to recover under the Act and if so, whether they can recover for loss of means of support and pecuniary loss. The district court granted Lefto's motion for summary judgment on both issues and certified the questions presented as important and doubtful within the meaning of Minn. R. Civ.App. P. 103.03(h).

On appeal, Hoggsbreath argues that Lefto and her daughter may not recover under the Act and that even if the court concludes otherwise, Lefto and her daughter may not recover damages for loss of means of support or for pecuniary loss.

## ISSUES

1. Did the court err by concluding Lefto and her daughter may recover under the Act?

2. Did the court err by concluding Lefto and her daughter may recover for loss of means of support and pecuniary loss under the Act?

## ANALYSIS

On an appeal from summary judgment, the reviewing court must ask whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The construction of a statute is a question of law and therefore fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

 1. Hoggsbreath argues that Lefto and her daughter may not recover under Minn.Stat. § 340A.801 (1996), because application of the rule of ejusdem generis compels the conclusion that Lefto and her daughter fall outside the scope of the Act. Under the rule of ejusdem generis, "[g]eneral words are construed to be restricted in their meaning by preceding particular words." Minn.Stat.

§ 645.08(3) (1996). Hoggsbreath argues that because the individuals preceding the "or other person" language in the Act all have a legal relationship with the injured person, recovery under the Act in connection with Michael Lefto's accident is limited to those having a legal relationship with Michael Lefto. Because Lefto and her daughter had no such relationship at the time of the accident, Hoggsbreath reasons, Lefto and her daughter may not recover under the Act. Lefto and her daughter counter that where, as here, the language of an act is unambiguous, the court must not apply rules of construction such as the rule of ejusdem generis, but must instead apply the plain meaning of the act. We agree. When the language of a statute is unambiguous, we must apply its plain meaning. *State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695, 701 (Minn.1996).

The Act permits recovery for a "spouse, child, parent, guardian, employer, or other person injured in person, property, or means of support, or who incurs other pecuniary loss." Minn.Stat. § 340A.801, subd. 1. The Act is unambiguous, and the plain meaning of the "or other person injured" language is "or any person who suffers the requisite injury." Because Lefto and her daughter are "persons," and Hoggsbreath does not dispute that they suffered the requisite injury, Lefto and her daughter may recover under the Act.

At oral argument, Hoggsbreath cited *Line Constr. Benefit Fund v. Skeates*, 563 N.W.2d 757 (Minn.App. 1997), in support of its argument that this court should apply the rule of ejusdem generis here and adopt a restrictive interpretation of the Act's "or other person" language. In *Line Construction*, an insurer sought to recover under the Act for injuries sustained by a policyholder, arguing that the insurer came within the "or other person" language of the Act. *Id.* at 759. The *Line Construction* court applied the doctrine of ejusdem generis on its way to rejecting the insurer's argument and holding that the insurer did not fall within the scope of the Act. *Id.* at 761.

Our holding is not inconsistent with *Line Construction*. We recognize, as the *Line Construction* court did, that application of the rule of ejusdem generis is appropriate to interpret ambiguous statutes. But whereas the *Line Construction* court resorted to the rule of ejusdem generis because of the ambiguity created in determining whether the "or other person" language applied to the plaintiff insurer, a corporate entity, here it is clear that the "or other person" language applies to Lefto and her daughter. Thus application of the statutory language here creates no ambiguity permitting resort to the doctrine of ejusdem generis.

Hoggsbreath further argues that public policy supports a finding that Lefto and her daughter may not recover under the Act. Because the plain meaning of the Act clearly indicates that Lefto and her daughter may recover under the Act, we decline to address Hoggsbreath's policy arguments.

■ 2. Hoggsbreath further contends that even if Lefto and her daughter may recover under the Act, their recovery should not include damages for loss of means of support or pecuniary loss. Hoggsbreath argues that Lefto and her daughter may not recover for loss of means of support because Lefto and her daughter had no legal right to support. Hoggsbreath cites no authority for this argument, and we find none. Moreover, the Act provides a cause of action "for all damages sustained," by anyone "injured in person, property, or means of support, or who incurs other pecuniary loss." The Act contains no language limiting recovery for loss of means of support to damages for support to which the injured party had a legal right. Rather, the plain language of the Act permits recovery for any and all damages.

■ Hoggsbreath also asserts that the rule against double recovery bars Lefto and her daughter's recovery for loss of means of support. A double recovery occurs any time the damages recovered exceed the total loss sustained by the parties. Black's Law Dictionary 491 (6th ed.1990). The issue of whether an earlier action represents full compensation for a plaintiff's damages, such that recovery of additional damages in a second action will result in a double recovery, is a question of *fact* to be determined in the second action. *Lund v. Village of Watson,*

260 Minn. 273, 283, 109 N.W.2d 564, 571 (1961).

Here, in contrast, the issue is a *legal* one, *viz.*, whether a person without a legal relationship to a person injured under the Act may recover under the Act—not whether, as a *factual* matter, an earlier judgment exists limiting Lefto and her daughter's recovery. The district court correctly found that the rule against double recovery does not, as a matter of law, bar Lefto and her daughter's recovery for loss of means of support under the Act.

■ Hoggsbreath further argues that Lefto and her daughter may not recover damages for pecuniary loss under the Act. Hoggsbreath cites *Coolidge by Coolidge v. St. Paul Fire & Marine Ins.*, 523 N.W.2d 5 (Minn.App.1994), *review granted* (Minn. Dec. 21, 1994), *appéal dismissed* (Minn. Jan. 6, 1995), in support of the proposition that "damages for pecuniary loss * * * are co-extensive with those for loss of consortium," and asserts that because Minnesota does not allow unmarried persons to recover for loss of consortium, Lefto and her daughter may not recover for pecuniary loss.

■ The *Coolidge* court did not, however, define pecuniary loss as co-extensive with loss of consortium. Moreover, consortium is the "reciprocal rights inherent *in the marital relationship of husband and wife,* including such undefined elements as comfort, companionship, and commitment to the needs of each other." *Thill v. Modern Erecting Co.*, 284 Minn. 508, 510, 170 N.W.2d 865, 867–68 (1969) (emphasis added). Pecuniary loss, in contrast, is defined more broadly, and encompasses the loss of aid, advice, comfort, and protection that a person would have provided but for the person's injury regardless of whether a marital relationship exists. *Coolidge*, 523 N.W.2d 5, 6 (citing *Cummins v. Rachner*, 257 N.W.2d 808, 815 (Minn.1977)).

"Loss of consortium" thus applies, by definition, only to loss suffered by married persons. As a result, it cannot apply, as pecuniary loss may, to the loss of aid, advice, comfort, and protection suffered by a child when a man who has taken her into his home has sustained permanent brain damage.

Nor does it apply to the loss of aid, advice, comfort, and protection suffered by a woman when her fiancé has suffered such injuries. Pecuniary loss is not "co-extensive" with loss for consortium, and the rule prohibiting recovery for loss of consortium by a non-spouse does not bar Lefto's and her daughter's recovery of pecuniary loss under the Act.

## DECISION

The plain language of the Act permits recovery for all damages sustained by any person injured as a result of another person's intoxication. Lefto and her daughter may have suffered loss of means of support and pecuniary loss due to Lieder's intoxication. Accordingly, the district court did not err by concluding that Lefto and her daughter may recover under the Act for their loss of means of support and pecuniary loss.

**Affirmed.**

HARVEY A. HOLTAN, Judge, dissenting.

The Act permits recovery for a "spouse, child, parent, guardian, employer, or other person injured in person, property, or means of support, or who incurs other pecuniary loss." Minn.Stat. § 340A.801, subd. 1. Because I believe the legislature never intended to provide protection under the Act to people with no legal relationship to those injured under the Act, I dissent.

I recognize that, as the majority notes, courts apply the plain meaning of statutes when the statutory language is unambiguous. I disagree, however, with the majority's conclusion that the Act is unambiguous. The "or other person" appears at first blush to apply to any person. But if the legislature had intended the "or other person" language to encompass any person injured within the meaning of the Act, I see no reason why the legislature would not have written the Act to cover "any person injured * * *," without reference to other, specific classes of individuals. Because the "or other person" language is ambiguous, the court should apply the doctrine of ejusdem generis to determine whether respondents fall within the scope of the Act.

Under the rule of ejusdem generis, "[g]eneral words are construed to be restricted in their meaning by preceding particular words." Minn.Stat. § 645.08(3) (1996). Because the individuals preceding the "or other person" language in the Act all have a legal relationship with the injured person, recovery under the Act in connection with Mr. Lefto's accident is limited to those having a legal relationship with Mr. Lefto.

Respondents had no such relationship. They had no rights vis à vis Mr. Lefto. They had no legal right to support from him. *See* Minn.Stat. § 513.076 (1996) (providing that a court shall dismiss any claim by an extramarital cohabitant to the earnings or property of another as contrary to public policy, absent a valid contract concerning the parties' property and financial relations). Because respondents lacked the requisite relationship with Mr. Lefto at the time of the accident, they do not come within the protection of the Act.

This court recently addressed the scope of the Act's "or other person" language in *Line Constr. Benefit Fund v. Skeates,* 563 N.W.2d 757 (Minn.App.1997). In that case, an insurer sought to recover under the Act for injuries sustained by a policyholder, arguing that the insurer came within the "or other person" language of the Act. *Id.* at 759. In rejecting the insurer's argument, the court cited *Empire Fire & Marine Ins. v. Williams,* 265 Minn. 333, 335, 121 N.W.2d 580, 582 (1963), in which the court stated that the

> principle of ejusdem generis precludes extension of the term "other person" beyond the class or classes specifically enumerated. *There is no indication that the Legislature intended "other person" to include an insurance carrier as coming within the same general classification as "husband, wife, child, parent, guardian, employer. "*

*Id.* at 760 (emphasis added); *see also Ford v. Wagner,* 153 Mich.App. 466, 395 N.W.2d 72, 74 (1986), *review denied* (Mich. Nov. 26, 1986) (holding doctrine of ejusdem generis applicable and denying recovery to fiancé on ground that he had no legal relationship to the injured person). *But see Rodriguez v. Solar of Michigan, Inc.,* 191 Mich.App. 483, 478 N.W.2d 914, 921 (1991) (noting that "the

words 'or other person' * * * have been given a broad interpretation, and were intended to cover all persons so injured"), *review denied* (Mich. July 14, 1992). Similarly, nothing in the record indicates that the legislature intended "other person" to include a fiancé and her child within the same general classification as husband, wife, child, parent, guardian, and employer.

In *Village of Brooten v. Cudahy Packing Co.,* 291 F.2d 284, 298 (8th Cir.1961), the Eighth Circuit Court of Appeals declined to apply the rule of ejusdem generis in interpreting the "or other person" language in the Act, stating:

> While the first five beneficiaries named * * * do have blood or marriage relationship in common and thus could be said to constitute a class, the succeeding term "employer" is different, destroys any category of that kind, and opens the way to a broader interpretation of "other person."

*See also Wendelin v. Russell,* 259 Iowa 1152, 147 N.W.2d 188, 192 (1966) (declining to apply rule of ejusdem generis in interpreting local dram shop statute and holding that "every other person injured in person or property or means of support * * * shall have a right of action"), *overruled on other grounds by Lewis v. State,* 256 N.W.2d 181 (Iowa 1977).

As the decision of a federal court applying state law, *Brooten* is not binding on this court. *Brooten* is not even persuasive, because the *Brooten* court erred when it concluded that the beneficiaries specifically enumerated in the Act could not be said to constitute a class and that the court could not, therefore, properly apply the rule of ejusdem generis in interpreting the Act. All of the individuals specifically enumerated in the Act have historically-recognized legal relationships with persons injured due to illegal sales of alcohol. These relationships have traditionally imposed significant reciprocal obligations on those involved. Spouses, children, and parents have long been held responsible for the care of each other. Guardians have historically taken the place of family members when necessary to take care of persons unable to care for themselves. The employer-employee relationship has tradi-

tionally given rise to special, reciprocal duties between employers and employees. Accordingly, I would reject the *Brooten* court's holding that the "or other person" language encompasses any person injured within the meaning of the Act, regardless of their familial or legal relationship with the person directly injured.

Because I would hold that respondents may not recover under the Act, I would not address the remaining issues concerning damages. I note in passing that to the extent that Mr. Lefto has already recovered for his loss of income, the result I suggest would not deprive respondents of their means of support.